John Adams FUCHSTADT, Plaintiff-Appellee,

v.

UNITED STATES of America, Defendant-Appellant.

No. 128, Docket 34454.

United States Court of Appeals, Second Circuit.

Argued Oct. 20, 1970.

Decided Nov. 9, 1970.

---

Bernard Meyerson, Levine & Broder, New York City, for plaintiff-appellee.

Alan B. Morrison, Michael D. Hess, Michael C. Silberberg, Asst. U. S. Attys., Whitney North Seymour, Jr., U. S. Atty., for defendant-appellant.

Before MEDINA, WATERMAN, and FEINBERG, Circuit Judges.

WATERMAN, Circuit Judge:

At dusk on a snowy afternoon in February 1964, two automobiles proceeding westerly on a divided four lane highway in Connecticut collided as they approached New York. The accident occurred on a dangerous curve as a vehicle driven by Robert Fabio, an employee of the United States acting within the scope of his employment, attempted to pass a car operated by the plaintiff, John Adams Fuchstadt. Plaintiff's car left the road and crashed into a tree; severe injuries resulted.

An action was filed in the New York Supreme Court, Westchester County, for damages sustained from the alleged negligence of Fabio. It was removed to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 2679(d) and the parties stipulated the substitution of the United States in place of its employee.

■ As the vehicles entered the right-angled curve Fabio, according to testimony, at 50 miles per hour sought to pass the Fuchstadt vehicle by pulling into the left lane. It is clear that one car left its lane and struck the other car. Fuchstadt testified that as Fabio steered into the left lane to pass he saw the Fabio vehicle strike his car on the left rear bumper, and that, although this was a mild impact, the government car immediately swerved from its position in the left lane and struck Fuchstadt a second time. Fabio claimed that Fuchstadt must have hit him initially because he felt a bump. He did not testify that he saw the Fuchstadt vehicle in the left lane, but this bump, according to Fabio, pushed his car to the left and he turned his wheels to the right to prevent his car from crossing the median. 'It then appears that the Fabio car spun around, and Fabio did not deny that his left bumper collided with the left front of Fuchstadt's car while he was spinning and sliding, nor deny that the second

contact pushed Fuchstadt's car off the right-hand side of the road. Fuchstadt's testimony was supported by the investigating State Trooper. Defendant's expert, an experienced investigator from the Police Department of the City of New York, offered his opinion that Fuchstadt struck the government car first. The trial judge agreed with Fuchstadt and found that the initial impact occurred when Fabio's car struck the Fuchstadt car as Fabio sought to overtake and pass Fuchstadt. The Government maintained that the physical evidence makes this factual conclusion impermissible and supported its contention by photographic exhibits and detailed measurements. However, these photographs and this physical evidence are not conclusive, and the absence of any photographs taken by the plaintiff cannot, without more, impute to him an admission that he, and not Fabio, caused the collision.

After the evidence had been closed the trial judge reserved decision and later filed a written opinion, holding that the plaintiff had shown by a fair preponderance of the credible evidence that the defendant was solely negligent and that the plaintiff's injuries were proximately caused by that negligence. Judgment was entered for the plaintiff and against defendant in the amount of $150,000, together with costs. The Government appeals and alleges on appeal that the court below erred in finding that the accident was solely caused by Fabio's negligence, that the damage award was grossly excessive, and that the judge made no sufficient findings of fact to support that award.

■ Under normal conditions we agree with appellant that a vehicle proceeding in the left lane on a sharp curve to the right would be likely, if going too fast, to continue in a straight line and thus be carried away from the right lane rather than into it. But the district court properly considered the adverse weather and road conditions and, in view of these circumstances, it is not unrea-

sonable to find that the rules of physics for ideal conditions may not have applied here. We are not left here with a "definite and firm conviction that a mistake has been committed" by the trial judge, United States v. United States Gypsum Co., 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948), and hence we are unable to hold that these findings of fact are "clearly erroneous" within the meaning of Rule 52(a) of the Federal Rules of Civil Procedure and they will not be disturbed. We adhere to the trial court's findings that Fabio's rate of speed and his attempt to pass on the curve were negligent and that this negligence proximately resulted in the injury to plaintiff.

However, a far more serious problem is presented by appellant's claim that the damages are excessive. The trial court ordered entry of judgment for plaintiff in the amount of $150,000 and costs, for the "plaintiff's actual damages, past and future pain and suffering and impairment." Following the accident Fuchstadt was hospitalized for 41 days. He suffered various physical injuries including fractures of the ribs and the femur head, contusions and abrasions of the knees, facial lacerations, and a large amount of dental damage, and suffered physical pain and resultant mental anguish. Plaintiff has a ⅝ inch shortening of the left leg and walks with a limp. An avid bowler prior to the accident, plaintiff can now bowl less frequently and has lower scores. Subsequent to the accident plaintiff's gall bladder was removed but the district court found that this removal was coincidental and was not causally related to the injuries received from the automobile accident.

■■ Although we affirm the judgment of the district court holding the Government liable to plaintiff, it is necessary to remand the case for compliance with Rule 52(a), Fed.R.Civ.P. The court, when it awarded the plaintiff an aggregate total damage award of $150,-000 did not comply with the require-

ments of that Rule, and we hold that the findings as to plaintiff's damages have not been made with the particularity demanded by Rule 52(a). Hence we cannot review the fairness of the award upon appeal. Hatahley v. United States, 351 U.S. 173, 182, 76 S.Ct. 745, 100 L.Ed. 1065 (1956); Alexander v. Nash-Kelvinator Corp., 261 F.2d 187, 190–191 (2 Cir. 1958), on rehearing after remand, 271 F.2d 524 (2 Cir. 1959). While "[t]he nature and degree of exactness of the findings required depends on the circumstances of the particular case," Kelley v. Everglades Drainage District, 319 U.S. 415, 419, 63 S.Ct. 1141, 1143, 87 L.Ed. 1485 (1942), we think that in tort actions for damages the pertinent consideration entering into the award as well as the amount allowed for each item should be stated briefly and clearly "so that the appellate court can properly appraise the elements which entered into the award. * * * Without this information the defendant is unable properly to exercise the appellate rights conferred by statute and the court is equally unable to make appropriate appellate review." Alexander v. Nash-Kelvinator Corp., *supra*, 261 F.2d at 191. This itemization is particularly appropriate when the total amount awarded may appear to be an overly generous one unless so substantiated.

In particular, the following elements of recovery, together with whatever other damages were indicated at trial to be properly recoverable, should have been individually itemized: Plaintiff's actual expenditures for physicians and for hospitalization attributable to this accident, and excluding such attributable to the gall bladder operation; his loss of earnings, past and future; the estimated cost and type of future medical expenses likely to be incurred and thus includable in the award; and sums allowed for past and future pain and suffering.

The cause is remanded and the district court is hereby directed to review without delay its damage award and to make and enter appropriate findings in connection therewith.