**Jerome H. LEMELSON, Plaintiff-Appellant,**

v.

**KELLOGG COMPANY, Kellogg Sales Company and the Great Atlantic & Pacific Tea Company, Inc., Defendants-Appellees.**

**No. 441, Docket 33049.**

United States Court of Appeals, Second Circuit.

Argued Feb. 10, 1971.

Decided April 1, 1971.

Arthur T. Fattibene, New York City, for plaintiff-appellant.

Robert S. Groban, Stephen B. Wexler, Groban & Rava, New York City, for defendants-appellees.

Before  WATERMAN  and FRIENDLY, Circuit Judges, and Mc-LEAN, District Judge.*

PER CURIAM:

Appellant is a professional inventor whose business consists primarily in conceiving, developing and selling product ideas and novelties for use in the advertising and promoting of other products. On August 9, 1954, he wrote the Merchandising Manager of appellee Kellogg, indicating that he had developed some "new novelty (constructional) items" (more commonly known as cardboard "cutouts") appropriate for the back of the large Kellogg Corn Flakes box. He asserted that the art work had been completed, that the materials about which he was writing Kellogg were embodied in applications for patents and copyrights, and he offered to send samples. On August 17 Kellogg summarily disclaimed any interest in appellant's overtures. Undaunted by such treatment,[1] appellant ignored the rebuff and sent Kellogg a second letter suggesting that it had misinterpreted his offer. While it is not clear whether Kellogg responded to this second letter, appellant on November 3 forwarded samples of his masks [2] to Kellogg for its consideration. He stated that the items were copyrighted and that patents were pending, and he offered to sell sole rights to the designs and patentable ideas. Three days later, on November 6, he mailed photostats of drawings of the masks. On November 9 Kellogg rejected the items. Appellant sought to have the photostats returned to him and in a letter dated November 19 Kellogg indicated that it

was returning them therewith. However, the evidence suggests that the photostats may not in fact have been returned. Appellant's masks had been published and copyrighted earlier in 1954, he applied for a patent on August 5, 1955, and a patent was issued on December 1, 1959.

In the fall of 1962 Kellogg displayed face mask constructions on the back of its cereal packages. Two years later appellant instituted suit for relief in the United States District Court for the Southern District of New York alleging two distinct separate causes of action, an unauthorized use of the construction disclosed in confidence in November 1954, and an infringement of the 1959 patent. Appellant made a timely demand for a jury trial solely on the first cause of action, and trial of both causes began in October 1968, Judge MacMahon presiding. At the close of appellant's case the court granted Kellogg's motion, pursuant to Fed.R.Civ.P. 50(a) and 41(b), respectively, for a directed verdict on the issue of unauthorized use, and for dismissal for insufficiency of the evidence on the infringement claim.

The district court was clearly justified in dismissing appellant's cause of action alleging unauthorized use because his evidence failed to support his claim.[3] The case law is abundantly clear that there is no cause of action for the use of an idea claimed to have been communicated in confidence when that idea has been made public by the issuance of a copyright or patent prior to its use. Berry v. Glidden Co., 92 F.Supp. 909 (S.D.N.Y.1950); cf. Compco Corp. v.

* Of the Southern District of New York, sitting by designation.

1. Appellant has reacted this way on other occasions. For instance, in 1956 he sought Kellogg's interest in a cardboard gliding balloon to be assembled by transparent adhesive tape. When the offer was summarily rejected he responded that Kellogg had misinterpreted his solicitation. This was also rejected, but appellant continued to press his offer into 1957.

2. These are described in the Complaint as Constructional Head Masks; they are face masks made of "several component parts detachably secured with interlocking means to form an appealing face mask construction for children." They depict a clown, a pirate and a "Grandpaw."

3. This determination was predicted by Judge Frankel who, with some hesitation, rejected Kellogg's motion for summary judgment because of the lack of certainty as to some of the facts.

Day-Brite Lighting, Inc., 376 U.S. 234, 84 S.Ct. 779, 11 L.Ed.2d 669 (1964). Appellant's letters to Kellogg as early as November 3, 1954 stated that copyright protection had been obtained; Kellogg's first display of the face masks in 1962 did not occur until after the patent had been granted in 1959.[4]

 We next take up appellant's attack upon the district court's dismissal of his cause of action, tried to the court without a jury, for the alleged infringement of his patent. In adjudicating this claim we are confronted by the trial court's failure to comply with the mandate of Rule 52(a), Fed.R.Civ.P. The requirement embodied in that Rule serves many masters. It aids "the appellate court by affording it a clear understanding of the ground or basis of the decision of the trial court," Barron & Holtzoff, Federal Practice and Procedure, § 1121 (Wright Revision 1961), see Fuchstadt v. United States, 434 F.2d 367 (2 Cir. 1970); it makes definite what was decided by the case, Wright, Federal Courts (1963) § 96; and it serves to evoke "care on the part of the trial judge in ascertaining the facts.". United States v. Forness, 125 F.2d 928, 942 (2 Cir.), cert. denied, sub nom. City of Salamanca v. United States, 316 U.S. 694, 62 S.Ct. 1293, 86 L.Ed. 1764 (1942). A mere recitation of these considerations [5] makes clear that, although we may sympathize with the district court's disposition, neither this court, see Alexander v. Nash-Kelvinator Corp., 261 F. 2d 187 (2 Cir. 1958), nor the district court should condone failure to comply with the letter and spirit of the Rule. Therefore, it is necessary that we remand the second cause of action to the district court for compliance with Rule 52(a).

The dismissal of the cause alleging unauthorized use is affirmed; the dismissal of the patent infringement claim is vacated and that cause is remanded for further findings of fact and conclusions of law.

---

4. Naturally we view the evidence in a light most favorable to appellant's case, see, e. g., Continental Ore Co. v. Union Carbide & Carbon Corp., 370 U.S. 690, 696–697, 82 S.Ct. 1404, 8 L.Ed.2d 777 (1962); Diapulse Corp. v. Birtcher Corp., 362 F.2d 736, 743 (2 Cir. 1966), cert. dismissed, 385 U.S. 801, 87 S.Ct. 9, 17 L.Ed. 2d 48 (1966).

5. In this case all these considerations are involved. Indeed, we are unable to discern whether the trial court thought the patent invalid or that it was valid but not infringed.