**In re Michael Harris CARROLL and Josie Carroll, Debtors.**

**The ARIZONA BANK, Appellant,**

v.

**Michael Harris CARROLL and Josie Carroll, Appellees.**

**Bankruptcy No. AZ–81–1007–KHL.**

United States Bankruptcy Appellate Panels of the Ninth Circuit.

May 26, 1981.

Roland J. LaVallee, Ryley, Carlock & Ralston, Phoenix, Ariz., for appellant.

Paul J. West, Avondale, Ariz., for appellees.

## OPINION

Before KATZ, HUGHES and LASAROW, Bankruptcy Judges.

HERBERT KATZ, Bankruptcy Judge:

Under the facts in this case the Arizona Bank held a valid security interest in a pickup truck owned by the debtors herein and valued at $2,400.00. In the court below the debtors applied for a redemption of the truck in installment payments. On January 1, 1981, Judge Maggiore ordered that a redemption under 11 U.S.C. § 722 can be made in installment payments. 7 B.R. 907 (Bkrtcy.).

11 U.S.C. § 722 provides:

"An individual debtor may, whether or not the debtor has waived the right to redeem under this section, redeem tangible personal property intended primarily for personal, family, or household use, from a lien securing a dischargeable consumer debt, if such property is exempted under Section 522 of this title or has been abandoned under § 554 of this title, *by paying the holder of such lien the amount of the allowed secured claim of such holder that is secured by such lien.*" (Emphasis added).

After reviewing Section 722 and the applicable legislative history this court finds that a redemption must be made through a lump sum payment. See also *In re Zimmerman,* 4 B.R. 739, 2 C.B.C.2d 650 (Bkrtcy.S.D. Cal.1980). To hold otherwise would frustrate the clear meaning of the section.

REVERSED.