**In re SCRAP DISPOSAL, INC., a California corporation, Debtor.**

**PECK IRON AND METAL COMPANY, INC., Appellant,**

v.

**SCRAP DISPOSAL, INC. and Official Creditors' Committee, Appellees.**

**BAP No. 81–1017–EVH.**
**Bankruptcy No. 80–01270–M.**

United States Bankruptcy Appellate Panels of the Ninth Circuit.

Submitted Sept. 16, 1981.

Decided Oct. 28, 1981.

Fletcher W. Paddison, Miller, Boyko & Bell, San Diego, Cal., for appellant.

Victor A. Vilaplana, Gray, Cary, Ames & Frye, San Diego, Cal., for appellees.

### MEMORANDUM

Before ELLIOTT, VOLINN and HUGHES, Bankruptcy Judges.

The appellant, Peck Iron and Metal Company, Inc. appeals from an order authorizing the debtor, Scrap Disposal, Inc., to assume an executory contract. PECK is SCRAP's landlord and the executory contract involved is an option to purchase the leased real estate.

Because the order appealed from is not supported by findings of fact, and because the pending trial in the Bankruptcy Court between the same parties for declaratory relief may moot the issues on this appeal, we remand to the trial court.

### FINDINGS OF FACT

The order filed January 6, 1981 is not supported by findings of fact and conclusions of law. The trial court may have been misled by the fact that the order was prepared by the attorneys for SCRAP and approved as to form by the attorneys for PECK. However, even a formal waiver of

findings by the parties is not effective. "The requirement of Rule 52(a) [Fed.R. Civ.P.] is mandatory, the findings in part serving as a necessary aid to the appellate courts." *Berguido vs. Eastern Air Lines* (C.A.3rd, 1966) 369 F.2d 874, 877.

In the *Berguido* case, the court was able to glean an understanding of the factual issues from the trial judge's opinion. Unfortunately, the record before us contains no opinion or memorandum to aid us in understanding the reasons for the trial court's rulings.

Bankruptcy Rule 752 is an adaptation of Fed.R.Civ.P. 52. Both rules provide in part,

"In all matters tried upon the facts without a jury . . . ., the court shall find the facts specifically and separately state its conclusions of law thereon, . . ."

Trial was had on SCRAP's motion to assume executory contract and the court of necessity resolved or should have resolved a number of hotly disputed factual issues. Although the matter before the court was not an adversary proceeding governed by Part VII of the Bankruptcy Rules, Bankruptcy Rule 914 directs that Rule 752 be applied in contested matters.

■ The statement in Rule 752 and Fed. R.Civ.P. 52 that findings of fact and conclusions of law are unnecessary on decisions of motions is limited to those motions decided on questions of law. If the motion requires the court to determine factual issues, then findings are necessary. 5A *Moore's Federal Practice* ¶ 52.08, p. 2738.

The importance of findings are well stated in *Lemelson v. Kellogg* (2nd Cir. 1971) 440 F.2d 986, 988,

"In adjudicating this claim we are confronted by the trial court's failure to comply with the mandate of Rule 52(a), Fed.R.Civ.P. The requirement embodied in that Rule serves many masters. It aids 'the appellate court by affording it a clear understanding of the ground or basis of the decision of the trial court,' Barron & Holtzoff, Federal Practice and Procedure, § 1121 (Wright Revision 1961), see *Fuchstadt v. United States*, 434 F.2d 367 (2 Cir. 1970); it makes definite what was decided by the case, Wright, Federal Courts (1963) § 96; and it serves to evoke 'care on the part of the trial judge in ascertaining the facts.' *United States v. Forness*, 125 F.2d 928, 942 (2 Cir.) cert. denied, sub nom. *City of Salamanca v. United States*, 316 U.S. 694, 62 S.Ct. 1293, 86 L.Ed. 1764 (1942).

## DECLARATORY RELIEF ACTION

■ Without getting into the details of the background of this appeal, SCRAP sold the subject real estate to PECK in 1976. Contemporaneously PECK leased the property back to SCRAP and gave SCRAP an option to repurchase the property.

In December of 1979 SCRAP allegedly exercised its option and under terms of the option, SCRAP had approximately one year to complete the purchase. In the meantime it continued to pay rent as a tenant.

After filing its Chapter 11 case on May 16, 1980, SCRAP filed an adversary proceeding before the bankruptcy judge seeking a declaratory judgment that the lease-option was in truth a disguised mortgage.

While pressing its claim as owner in one proceeding, in November, SCRAP, now wearing its tenant hat, filed a motion for leave to assume the executory contract to purchase the property formed when it exercised its option.

We appreciate that SCRAP may seek relief under alternative theories, but it should have done so in one proceeding.

SCRAP may be entitled to relief on one of its two theories. It cannot prevail on both.

This matter is remanded to the trial court. If that court rules in the declaratory relief action that the sale and leaseback with option was a disguised mortgage or security agreement, the order permitting assumption of the executory contract should be vacated and the underlying motion denied. If the trial court rules that the transaction was a true sale and leaseback, then the court should make appropriate findings of fact and conclusions of law sup-

porting the order permitting assumption of the executory contract.