**In the Matter of Lois Carter DENNIS, Debtor.**

**Lois Carter DENNIS, Plaintiff,**

**v.**

**W.S. BADCOCK CORPORATION, a Florida corporation, Defendant.**

**Bankruptcy No. 80–00816–Mac.
Adv. No. 82–5305.**

United States Bankruptcy Court,
M.D. Georgia,
Macon Division.

July 8, 1983.

Emmett L. Goodman, Jr., Atty. at Law, Macon, Ga., for plaintiff.

Lawton Miller, Jr., Macon, Ga., for defendant.

## MEMORANDUM OPINION ON MOTION TO AVOID LIEN

ROBERT F. HERSHNER, Jr., Bankruptcy Judge.

### STATEMENT OF THE CASE

On July 22, 1980, Plaintiff Lois Carter Dennis filed with this Court her petition under Chapter 13 of the Bankruptcy Code. Her Chapter 13 plan was confirmed by the Court on October 20, 1980. On September 14, 1982, Plaintiff voluntarily converted her Chapter 13 case to a Chapter 7 case.

On October 8, 1982, Plaintiff filed with this Court a "Motion to Avoid Lien." This adversary proceeding requests that the Court avoid a lien on Plaintiff's household furnishings in favor of Defendant W.S. Badcock Corporation. The adversary proceeding is brought under the provisions of sections 522(f)[1] and 522(d)(3)[2] of the Bankruptcy Code.

After considering the evidence and the arguments of counsel, the Court is of the opinion that Plaintiff's request must be denied. In support of its opinion, the Court publishes the following findings of fact and conclusions of law.

### FINDINGS OF FACT

At the time of Plaintiff's Chapter 13 petition on July 22, 1980, Plaintiff was indebted to Badcock in the amount of $697.00. It was later determined that of the $697.00

1. 11 U.S.C.A. § 522(f) (West 1979).

2. 11 U.S.C.A. § 522(d)(3) (West 1979).

3. On Badcock's "Proof of Claim; Acceptance or Rejection of Plan," Badcock neither accepted nor rejected Plaintiff's plan. Nor did Badcock file a written acceptance or rejection of the plan prior to the conclusion of the section 341(a) meeting of creditors. Therefore, under the terms of the "Proof of Claim; Acceptance

claim, Badcock had a secured claim of $460.00 and an unsecured claim of $237.00.

Plaintiff, through her Chapter 13 plan, paid Badcock's secured claim in full and paid $58.38 on Badcock's $237.00 unsecured claim. Badcock accepted Plaintiff's plan[3] and received payments. Plaintiff was unable to complete the plan, and on September 14, 1982, her case was converted voluntarily to a Chapter 7 case. At the time of the conversion, Badcock's total claim had been reduced to $178.62.

The parties stipulate that Badcock took a purchase-money security interest in Plaintiff's household goods.

### CONCLUSIONS OF LAW

Plaintiff bases this adversary proceeding on 11 U.S.C.A. § 522(f) (West 1979), which provides in part:

(f) Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

. . . .

(2) a nonpossessory, nonpurchase-money security interest in any—

(A) household furnishings, household goods, wearing apparel, appliances, books, animals, crops, musical instruments, or jewelry that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor;

. . . .

Subsection (b) of section 522 would allow Plaintiff to claim as exempt under state law:[4]

or Rejection of Plan," Badcock is deemed to have accepted Plaintiff's plan.

4. Plaintiff bases her adversary proceeding on 11 U.S.C.A. § 522(d) (West 1979). Section 522(b) allows a debtor to exempt either the property listed in subsection (d) or property listed under applicable state law if the state in which the debtor is domiciled has opted out of subsection (d). The Georgia legislature has opted out of § 522(d) and Georgia law will operate in lieu of § 522(d) to determine what

The debtor's interest, not to exceed $200.00 in any particular item, in household furnishings, household goods, wearing apparel, appliances, books, animals, crops, or musical instruments that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor. The exemption of the debtor's interest in the items contained in this paragraph shall not exceed $3,500.00 in total value;

Official Code of Ga.Ann. § 44–13–100(a)(4) (Michie 1982).

Plaintiff argues that because she paid the secured portion of Badcock's claim in full through her Chapter 13 plan, Badcock no longer has a purchase-money security interest in her household goods. Plaintiff further argues that her subsequent conversion to Chapter 7 rendered the Badcock lien subject to avoidance under the provisions of section 522(f). The Court cannot agree.

In *In re Patricia Ann Johnson,* No. 79–00014-Mac (Bankr.M.D.Ga.1982), a case decided under the Bankruptcy Act, this Court addressed a similar argument. In that case, Ford Motor Credit Company was an undersecured creditor of the debtor. Under the debtor's Chapter XIII plan, the debtor paid the secured portion of Ford's claim in full and paid Ford partially on the unsecured portion of its debt. The debtor then converted her case to straight bankruptcy and attempted to avoid Ford's lien. In denying the debtor's request, the court relied on the general rule of the Bankruptcy Act that payments to an undersecured creditor are credited to the unsecured portion of the debt first, citing *Ragsdale v. Credithrift of America (In re Derritt),* 20 B.R. 476, 9 Bankr.Ct.Dec. 481 (Bkrtcy.N.D.Ga.1982).

The Eighth Circuit has recently analyzed a debtor's right to exempt property in a converted Chapter 13 case. In *Resendez v. Lindquist,* 691 F.2d 397 (8th Cir.1982), the debtors, pursuant to a Chapter 13 plan, voluntarily paid money to a Chapter 13 trustee for distribution to creditors. The debtors then converted their Chapter 13 case to a Chapter 7 case and sought to recover as exempt the undistributed funds held by the trustee. The court held that it would be unfair to the unsecured creditors to allow the debtors to exempt their voluntary payments to the trustee.

■ Congress, in enacting Chapter 13, sought to allow a debtor to retain his assets and adjust his debts voluntarily from future income. 5 Collier on Bankruptcy ¶ 1300.02 (15th ed. 1983). When a debtor is unsuccessful at this attempt, he should not benefit from his failure to comply with the terms of his plan. A debtor should not be able to avoid a lien in a converted Chapter 13 case that could not be avoided had he originally filed under Chapter 7.

■ This Court is of the opinion that when Debtor converted her Chapter 13 case to Chapter 7, she is deemed to have filed a Chapter 7 case at the time her Chapter 13 case was filed. 11 U.S.C.A. § 348(a) (West 1979); *Resendez v. Lindquist,* 691 F.2d 397 (8th Cir.1982). Badcock's claim, although partially paid through Plaintiff's Chapter 13 plan, has the same status as it did at the time of the filing of the Chapter 13 case. Badcock, therefore, as a purchase-money security interest holder in Plaintiff's household goods, has a security interest which may not be avoided by Plaintiff.

■ Plaintiff further argues that upon the Court's confirmation of her plan, section 1327 of the Bankruptcy Code vested all of Plaintiff's property in Plaintiff free and clear of any liens. The Court cannot agree.

11 U.S.C.A. § 1327 (West 1979) provides:

(a) The provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan.

(b) Except as otherwise provided in the plan or the order confirming the plan, the

property may be exempted by an individual debtor domiciled in Georgia. Official Code of Ga.Ann. § 44–13–100 (Michie 1982).

confirmation of a plan vests all of the property of the estate in the debtor.

(c) *Except as otherwise provided in the plan or in the order confirming the plan,* the property vesting in the debtor under subsection (b) of this section is free and clear of any claim or interest of any creditor provided for by the plan.

11 U.S.C.A. § 1327 (West 1979) (emphasis added).

The Court is of the opinion that section 1327 did not dissolve Badcock's lien. The order of the Court confirming Plaintiff's Chapter 13 plan provides to the contrary.[5] Paragraph (a) of the Court's order provides:

A properly perfected security interest or lien of any creditor in and to the property of the debtor shall remain in full force and effect, and a secured creditor shall not lose such security interest or lien in the property conveyed as security for the debt on the filing of a claim by such secured creditor for the purpose of distribution.

The parties stipulate that Badcock took a purchase-money security interest in Plaintiff's household goods, and such a security interest is automatically perfected without filing. Official Code of Ga.Ann. § 11–9–302(1)(d) (Michie 1982). Therefore, Badcock's lien is within the Court's order and section 1327 is not controlling.

 Finally, Plaintiff argues that because she paid Badcock's secured claim in full under her Chapter 13 plan, the payments should be treated as a redemption.[6] A debtor can redeem certain household goods by paying the lienholder the value of the collateral. 4 Collier on Bankruptcy ¶ 722.05[1] (15th ed. 1983). Redemption, however, must be made by a lump sum payment, not by installment payments. *Arizona Bank v. Carroll (In re Carroll)*, 11 B.R. 725, 8 Bankr.Ct.Dec. 504, 4 Collier

Bankr.Cas.2d 1042 (Bkrtcy.App.R. Panel 9th Cir.1981). Plaintiff, if she were to prevail, would effect redemption through the use of installment payments. Accordingly, Plaintiff cannot be deemed to have redeemed the property.

An order in accordance with this opinion is attached hereto.

---

**5.** The form order used by the Court in this Chapter 13 case is no longer used by the Court as the Court's order of confirmation.

**6.** 11 U.S.C.A. § 722 (West 1979) provides:

An individual debtor may, whether or not the debtor has waived the right to redeem under this section, redeem tangible personal property intended primarily for personal, family, or household use, from a lien securing a dischargeable consumer debt, if such property is exempted under section 522 of this title or has been abandoned under section 554 of this title, by paying the holder of such lien the amount of the allowed secured claim of such holder that is secured by such lien.