**In re HOTEL HOLLYWOOD, a California corporation, Debtor.**

**CANADIAN COMMERCIAL BANK, in Liquidation, Appellant,**

**v.**

**HOTEL HOLLYWOOD, a California corporation, Appellee.**

**BAP No. CC–87–1816 VPMe.
CC–87–1817.
Bankruptcy No. LA 87–02997–JD.**

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted May 19, 1988.

Decided Dec. 30, 1988.

Kathleen M.K. Brahn, Buchalter, Nemer, Fields & Younger, Los Angeles, Cal., Timothy Farris, U.S. Trustee's Office, Los Angeles, Cal., amicus, for appellant.

Wayne A. Mintzer, Los Angeles, Cal., for appellee.

Before VOLINN, PERRIS, and MEYERS, Bankruptcy Judges.

## OPINION

VOLINN, Bankruptcy Judge:

### THE PROCEEDINGS BELOW

Canadian Commercial Bank (hereinafter CCB or appellant), a creditor of Hotel Hollywood, debtor and appellee herein, brings this appeal from the bankruptcy court's denial of two motions: (1) to dismiss or convert the debtor's Chapter 11 petition on the ground that it was filed in bad faith, and (2) to appoint a trustee. The motions had been filed by the U.S. Trustee. Canadian Commercial Bank and the City of Los Angeles had joined in the motions, which were brought before the bankruptcy judge in two separate contested proceedings. The testimony and argument on the motion to dismiss or convert lasted four days. The testimony and argument on the motion to

appoint a trustee lasted two days. At the conclusion of each proceeding, the judge announced his ruling.

After the court had denied the relief sought, counsel for CCB requested written findings and conclusions as to both motions. Counsel for the debtor indicated he would prepare them. But he did not do so, giving as a reason difficulty in getting the transcript. The general problem with respect to the furnishing of findings was indicated by the following exchange:

MR. MICHELMAN: [counsel for the debtor] Your Honor, I might recommend, if counsel believes as though it's important, may I recommend that they prepare them? I'm a one-man office. They're much bigger than we are.

THE COURT: Either—anybody can submit them. Who wants to prepare them? Ms. Coda–Wagener?

MS. CODA–WAGENER: [counsel for CCB] Your Honor, the only problem I have, quite frankly, in preparing the findings of fact and conclusions of law, I'm not exactly sure on what basis this Court did make its ruling.

Appendix to Brief of Appellant No. 49 (Transcript of hearing of July 16, 1987, at 151). After continued discussion concerning the problems arising from circulating proposed findings and conclusions, the bankruptcy judge expressed the view that findings and conclusions were not necessary under Bankruptcy Rule 9014.[1]

When the court decided not to require written findings and conclusions, counsel for appellant made it clear that her client was not waiving any right to them. Appendix to Brief of Appellant No. 49 (Transcript of hearing of July 16, 1987, at 155).

With regard to the motion to dismiss or convert, the order entered by the bankruptcy court simply provided in pertinent part:

The court having reviewed all of the facts as set forth in the evidentiary hear-

ing held to consider the above-mentioned Motions and the Court having predicated it's [sic] decision upon multiple factors which indicated that the debtor had been in existance [sic] for years, had active operating businesses and did not generally meet the criteria heretofore sustained by other Courts for the showing of a bad faith filing and therefore it is hereby, ORDERED, that the above-mentioned Motion to Convert or Dismiss together with all the Joinders filed thereon, likewise above-mentioned is hereby denied in it's [sic] entirety.

With regard to the motion to appoint a trustee, the bankruptcy court's order was:

The Motion of Canadian Commercial Bank ("CCB") to appoint a Chapter 11 Trustee in the above-captioned Chapter 11 estate, having come on regularly for hearing on July 16, 1987 at 2:00 P.M. and appearance [sic] on behalf of "CCB" was Dawn Coda–Wagener of Buchalter, Nemer, Fields & Younger and appearing on behalf of the debtor was Ronald E. Michelman of Michelman & Michelman and appearing on behalf of the Co–Receivers was Edward Wolkowitz of Robinson, Wolas & Diamant and Leslie Cohen on behalf of herself as Co–Receiver and the Court being fully advised in the premises, it is hereby ORDERED, that the above-mentioned Ex Parte Motion for Appointment of a Chapter 11 Trustee is hereby denied in its entirety.

CCB timely appealed. We vacate the orders and remand to the bankruptcy court for entry of findings of fact and conclusions of law.

## DISCUSSION

### A. Appealability of the Court's Orders

■ At the outset, we note that we consider the denial of the motions to appoint a

---

1. The court said:

So I think that the Court should dispense with findings. If you want something on the record, from which an appeal can be taken. And but including the order, or the basic reasons for the Court's denial of the motion.

        .        .        .        .        .

And I think that might be the simplest. And dispense with formal findings of fact and conclusions of law. I don't think they're absolutely required, and I think Rule 9014 allows the Court to dispense with it.

Appendix to Brief of Appellant No. 49 (Transcript of hearing of July 16, 1987, at 154).

trustee and to dismiss for bad faith to be final appealable orders. The particular aspects of the bankruptcy process indicate a pragmatic approach to the question of finality. *In re Mason*, 709 F.2d 1313, 1316 (9th Cir.1983). While the court's orders are perhaps not "final" in the technical sense, considerations unique to bankruptcy may necessitate a review on the merits. *Committee of Dalkon Shield Claimants v. A.H. Robins Co., Inc.*, 828 F.2d 239, 241 (4th Cir.1987) (order denying a motion for the appointment of a trustee was immediately appealable even though not final in the technical sense). Orders that determine and affect substantive rights and " 'cause irreparable harm to the losing party if it had to wait to the end of the bankruptcy case' are immediately appealable ... so long as the orders 'finally determine the discreet (sic) issue to which [they are] addressed ...' ". *In re 405 N. Bedford Dr. Corp.*, 778 F.2d 1374, 1377 (9th Cir.1985) (quoting *Four Seas Center, Ltd. v. Davres, Inc. (In re Four Seas Center, Ltd.)*, 754 F.2d 1416, 1418 (9th Cir.1985)).

We are of the view that the orders appealed from, given the circumstances of this case, affect the rights of the parties with a degree of finality sufficient to warrant appellate review.

### B. Nature of the Dispute

■ Although we have reviewed the seven-volume record, we decline to set forth a section of "Facts," because a summary of so voluminous a record would necessarily involve a process of selection and evaluation which is the work of the trial court. An appellate court is not the trier of facts and does not ordinarily make findings of fact, *Alpha Distrib. Co. v. Jack Daniel Distillery*, 454 F.2d 442, 453 (9th Cir.1972), nor substitute its judgment for that of the trial court. *Irish v. United States*, 225 F.2d 3, 8 (9th Cir.1955).

■ This matter came before the bankruptcy court on motions which, given their adversary character, initiated contested proceedings requiring findings of fact and conclusions of law to enable appellate review. Given the length and intensity of the dispute before us, there is little question as to the contested nature of these proceedings. Bankruptcy Rule 9014 states that in a contested matter "unless the court otherwise directs, the following rules shall apply: [listing a number of the part VII rules relating to adversary proceedings, including Rule 7052]." Bankruptcy Rule 7052 states, "Rule 52 F.R.Civ.P. applies in adversary proceedings." Rule 52 in turn provides in pertinent part:

(a) *Effect.* In all actions tried upon the facts without a jury ... the court shall find the facts specially and state separately its conclusions of law thereon, and judgment shall be entered pursuant to Rule 58.... Requests for findings are not necessary for purposes of review. Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses.... It will be sufficient if the findings of fact and conclusions of law are stated orally and recorded in open court following the close of the evidence or appear in an opinion or memorandum of decision filed by the court. Findings of fact and conclusions of law are unnecessary on decisions of motions under Rules 12 or 56 or any other motion except as provided in Rule 41(b) [not applicable here].

Wright and Miller note that "Indeed, regardless of what the rule [Fed.R.Civ.P. 52(a) ] in terms requires, whenever decision of a matter requires the court to resolve conflicting versions of the facts, findings are desirable and ought to be made." C. Wright & A. Miller, 9 *Federal Practice and Procedure, Civil* § 2575 (1971 & 1987 Supp.). *Accord*, 5A J. Moore, J. Lucas, *Moore's Federal Practice* ¶ 52.06 (2d ed. 1988); *Interpace Corp. v. City of Philadelphia*, 438 F.2d 401, 404 (3rd Cir.1971).

Here, the decisions required the bankruptcy court to resolve conflicting versions of the facts. It is difficult to evaluate the bankruptcy court's determinations because the bankruptcy court did not make findings of fact.

## C. Necessity for Findings of Fact and Conclusions of Law

Findings are needed for the reviewing court to determine whether mismanagement by and of the debtor required the dismissal or conversion of the Chapter 11 petition or the appointment of a trustee in this case. The appellant's motion for dismissal or conversion, as well as its motion for appointment of a trustee, was based on the following allegations: (1) debtor's failure to file interim reports and opening statements, (2) debtor's mismanagement of the Hotel Hollywood, and (3) debtor's operation of the hotel and shopping center without liability insurance. These three allegations were hotly contested.

Although there is no dispute that the debtor filed incomplete statements and interim reports, there is considerable factual dispute as to whether such failure was justified under the circumstances. Mr. Mamian, the owner of the debtor corporation, asserts that he could not complete the reports because the receivers, who had been appointed by a California state court, were in possession of needed information regarding income of the property. The receivers deny this.

The parties also engaged in a dispute as to whether $27,000 was misappropriated or used acceptably under the circumstances. Appellant noted that on June 18, 1987, a California state court issued a preliminary injunction against Mamian, requiring him to turn over $27,000 in misappropriated funds belonging to the receivers and to remain off the premises. Mamian responded that the receivers could not be located so he took it upon himself to accept rent payments and make necessary repairs. At the proceeding, he testified that some of this money was used to pay Mamian Construction Co., Inc. for emergency repairs to a burst sewer pipe on the Hotel Hollywood property, some of the funds went to pay off obligations for which Mamian was personally liable, the rest went into a debtor in possession account. This matter was still in process in state court at the time of the bankruptcy proceeding.

The parties likewise blame each other for the hotel and shopping center operating without liability insurance. The debtor maintains that the actions of the receiver and the appellant prevented it from securing proper insurance, asserting that on several occasions it had obtained an insurance binder, a prelude to a full policy, only to have the insurer pull out because the debtor did not have a no-action letter confirming no prior claims had been alleged against the property. The receivers and the appellant testified that they had issued such a letter and that it was in the possession of Mamian's counsel. Mamian's counsel denied this.

Considering this sharply controverted testimony on significant factual issues, we cannot properly evaluate the merits of the decisions to refuse to convert or dismiss and to refuse to appoint a trustee. Because the bankruptcy judge did not make findings of fact to support his decision, we are unable to determine which testimony he believed. Neither the oral decisions made, nor the orders entered shed light on this question. In this situation, the failure of the trial court to make findings prevents this court from reviewing the case on appeal. Apropos here is language from *Alpha Distrib. Co.*, 454 F.2d at 453:

> the failure of the district court to make findings ... in the present case leaves us without basis for decision on crucial factual issues in the face of voluminous and contradictory evidence in the record.

(Footnote omitted.) When, as here, both the trial court's determination and our review are particularly dependent on factual considerations, we may remand to the trial court for findings of fact. *Dias v. Bank of Hawaii*, 764 F.2d 1292, 1295 (9th Cir.1985); *Stokes v. Reeves*, 245 F.2d 700, 702 (9th Cir.1957); *see also Civil Aeronautics Board v. Friedkin Aeronautics, Inc.*, 246 F.2d 173 (9th Cir.1957).

The findings should be sufficiently explicit to give the appellate court a clear understanding of the basis of the trial court's decision, and to enable it to determine the ground on which the trial court reached its decision. *Irish*, 225 F.2d at 8.

Appropriate findings not only "compel the bankruptcy judge to focus on the appropriate criteria," but also facilitate "focused" and "efficient" review for determining if the proper factors were considered and independent judgment exercised by the court. *LaSalle Nat'l Bank v. Holland (In re American Reserve Corp.)*, 841 F.2d 159, 162–63 (7th Cir.1987). In this regard, see also the decision in *Peck Iron & Metal Co. v. Scrap Disposal, Inc. (In re Scrap Disposal, Inc.*, 15 B.R. 296, 297 (9th Cir.BAP 1981), concerning former Bankruptcy Rules 914 and 752, which were superceded by, but are analogous to, Bankruptcy Rules 9014 and 7052. In *Scrap Disposal,* we quoted *Lemelson v. Kellogg,* 440 F.2d 986, 988 (2d Cir.1971) as follows:

> The requirement embodied in that Rule [Fed.R.Civ.P. 52(a)] serves many masters. It aids "the appellate court by affording it a clear understanding of the ground or basis of the decision of the trial court;" it makes definite what was decided by the case; and it serves to evoke "care on the part of the trial judge in ascertaining the facts."

*Scrap Disposal,* 15 B.R. at 297 (citations omitted).

As a further consideration, we note that we cannot determine how the bankruptcy court applied the law to the case. Thus, we are unable to ascertain the legal grounds on which the court reached its decisions.

## CONCLUSION AND DECISION

We recognize the discretionary element in Bankruptcy Rule 9014. This language is directed to the varied and uncertain nature of disputes initiated by motions in bankruptcy cases. It may be noted empirically that large numbers of motions are not contested or are resolved with minimal dispute. Given such circumstances, procedures relating to conduct and disposition of substantial disputes may be dispensed with. But when there is litigation involving serious issues of law and fact, rules of procedure developed through long experience should be used as a framework for the trial and resolution of those issues.

As it stands, the record does not enable us to ascertain the basis for the bankruptcy judge's decision. Despite the appellant's urgent request for formal findings of fact and conclusions of law, none were provided. The bankruptcy judge should make findings and explain his reasoning sufficiently to show that he examined the proper factors and made an informed and independent judgment.

The orders are VACATED and the matters are REMANDED for entry of findings of fact and conclusions of law as to each ruling.