COLONIAL EXCHANGE LIMITED PARTNERSHIP, Plaintiff–Appellee,

v.

CONTINENTAL CASUALTY COMPANY, Defendant–Appellant.

No. 976, Docket 90–7907.

United States Court of Appeals, Second Circuit.

Argued Jan. 28, 1991.

Decided Jan. 31, 1991.

Robert M. Dombroff, Hartford, Conn. (Julianne Splain, Schatz & Schatz, Ribicoff & Kotkin, on the brief), for defendant-appellant.

Robert B. Shapiro, Hartford, Conn. (Holly Jean Bray, Cohn & Birnbaum, on the brief), for plaintiff-appellee.

Before KEARSE, PRATT, and McLAUGHLIN, Circuit Judges.

PER CURIAM:

Defendant Continental Casualty Company ("Continental") appeals from a final judgment of the United States District Court for the District of Connecticut, following a bench trial before Thomas F. Murphy, *Judge*, awarding plaintiff Colonial Exchange Limited Partnership ("Colonial") judgment in the total amount of $342,-385.83 (plus costs), comprising $187,194.90 in "additional rent" due on premises leased by Colonial to Continental, plus prejudgment interest totaling $155,190.93. On appeal, Continental contends that the district court erred (1) in interpreting the lease agreement between the parties to require the payment of any additional rent, (2) in not finding that Colonial was estopped from asserting its claim for additional rent, and (3) in awarding interest. For the reasons below, we vacate the judgment and remand to the district court for findings of fact and conclusions of law.

In any case tried without a jury, the court is required to state findings of facts and conclusions of law. See Fed.R.Civ.P. 52(a). This requirement exists, in part, to permit effective appellate review of trial court decisions. *Itel Containers International Corp. v. Atlanttrafik Express Service Ltd.*, 909 F.2d 698, 704 (2d Cir.1990). Where the district court has made no findings, we normally remand in order to permit the appropriate findings to be made. *See id.; Fuchstadt v. United States*, 434 F.2d 367, 369–70 (2d Cir.1970); 9 C. Wright & A. Miller, *Federal Practice and Procedure* § 2577 (1971).

In making its award in the present case, which centered on an ambiguous provision of the lease, the district court did not set forth its findings as to, *inter alia*, the parties' intent in agreeing to that clause. The court's only finding was that the testimony of one of plaintiff's witnesses was credible; that witness, however, testified that she had no knowledge of the parties' intent with respect to that clause other than the terms of the clause itself. Without findings as to any of the factual issues tried below, this Court is unable to review the judgment.

Accordingly, the judgment is vacated, and the matter is remanded to the district court to enable the court to set forth the necessary findings of fact and conclusions of law.

No costs.