**In re Robert Allen ESTEP, Janie Ann Estep, Debtors.**

**Bankruptcy No. 82–00563.**

United States Bankruptcy Court,
E.D. Kentucky,
Covington Division.

Aug. 10, 1988.

David A. Koenig, Florence, Ky., for debtors.

Richard A. Woeste, Alexandria, Ky., for creditor Money, Inc.

L.J. Freihofer, Ft. Mitchell, Ky., trustee.

### OPINION–ORDER

J. WENDELL ROBERTS, Bankruptcy Judge.

This case is before the Court on the debtors' motion to avoid a non-possessory, nonpurchase-money security interest of a creditor, Money Incorporated, in household

---

goods or furnishings, pursuant to 11 U.S.C., § 522(f). Additionally, the debtor has moved the Court pursuant to § 722 of the Code, to redeem personal property from a lien securing a dischargeable consumer debt.

The Court holds that the debtors' motion for avoiding the lien must be overruled in light of the Sixth Circuit's decision in *Pine v. Creditthrift of America, Inc.*, 717 F.2d 281 (1983). In the *Pine* case, two cases were consolidated on appeal because of their similarity in issues. In both cases, the debtors filed a Chapter 7 bankruptcy petition listing various household goods as property of the estate and claiming the property as exempt. The debtors then sought to avoid a creditor's non-possessory, nonpurchase-money security interest in the household goods, pursuant to § 522(f) of the Code. The Bankruptcy Court ordered the lien avoided and the District Court affirmed in both cases.

On appeal, the Sixth Circuit noted that both cases originated from states (Tennessee and Georgia) which had "opted out" of the list of federal exemptions provided for in § 522(d). Further, both state statutes specifically decline to exempt household goods to the extent they are encumbered by a lien. Accordingly, the Sixth Circuit held that the debtors cannot utilize § 522(f) independently of § 522(b). The Court stated that "the debtors may avoid liens only on that property which the states have declared to be exempt."

Pursuant to K.R.S. 427.010(4), Kentucky has also chosen to "opt out" of the federal exemptions set forth in § 522(d). The statute states the following:

> Notwithstanding any other provision of law, no property upon which a debtor has voluntarily granted a lien shall, to the extent of the balance due on the debt secured thereby, be subject to the provisions of this chapter or be exempt from forced sale under process of law.

Accordingly, we find that creditor, Money Incorporated, is entitled to retain its voluntary non-possessory, nonpurchase-money lien on the debtors' property under the Kentucky Statute despite the exemptions outlined in § 522(f) of the Code.

As far as the motion to redeem, the debtors seek to redeem the secured property for the sum of $800.00, which sum the debtors state has previously been paid by them under the Chapter 13 plan. The creditor, Money, Incorporated, agrees with the redemption sum of $800.00, but objects to the application of the money already paid into the Chapter 13 plan to redeem the property. The creditor feels that the debtors ought to pay an additional $800.00 on the redemption or reaffirm the debt at an agreeable price or turnover the property to the creditor.

The Court has reviewed the record and notes the following information. It appears from the creditors' proof of claim filed on January 5, 1983, that the outstanding debt owed to the creditor by the debtor was the sum of $1,743.50. After five years of making payments in the Chapter 13 plan, the debtors have now reduced the debt owed to the creditor to $987.16. During that five year period of time, the debtors paid the creditor $770.84 in principal and $477.50 in interest. As an aside, the Court is curious as to the amount of interest actually charged to the debtor over the five year period since, under a Chapter 13 plan, interest can only be charged on the amount of the secured claim.

Under § 722 of the Bankruptcy Code, the debtor may redeem personal property intended primarily for personal, family or household use, from a lien securing a dischargeable consumer debt, ... by paying the holder of such lien *the amount of the allowed secured claim* of such holder that is secured by such lien. In this case, since the amount of the secured claim was calculated at the time of the Chapter 13 filing to be $800.00, we find that that sum has already been paid into the Chapter 13 plan by the debtors' principal payments of $770.84 and excess interest charges which account for well over the difference between the $800.00 secured claim and the $770.84 Chapter 13 payments.

NOW, THEREFORE,

IT IS ORDERED that the debtors' motion for avoiding the lien on exempt property be, and hereby is OVERRULED.

IT IS FURTHER ORDERED that the debtors' motion to redeem the property in the amount of the allowed claim of $800.00, which sum having previously been paid by the debtors be, and hereby is SUSTAINED.

This is not a final order.