### In re Otha L. TUNGET, Mary Sharon Tunget, Debtors.

### Bankruptcy No. 3–87–01767.

United States Bankruptcy Court, W.D. Kentucky.

Oct. 7, 1988.

Nick L. Pearl, Radcliff, Ky., for debtors.

William W. Lawrence, Louisville, Ky., trustee.

Harold Storment, Louisville, Ky., for creditor Farmers Bank.

### MEMORANDUM–OPINION ORDER

J. WENDELL ROBERTS, Bankruptcy Judge.

This matter is before the Court on the Motion of the Creditor, Farmers Bank of Hardinsburg ("Farmers Bank"), for relief from the stay. The Court, upon the Debtors' objections to the Motion held a hearing on the matter on March 7, 1988 and ordered briefs to be filed by both parties. Having now reviewed the respective positions of the parties, this Court overrules the Creditor's Motion for relief from the stay.

A brief statement of the facts is as follows. Otha L. and Mary Sharon Tunget ("Debtors") filed a Chapter 13 petition and plan on July 9, 1987, listing Farmers Bank as a Creditor in the sum of $2,826.14. Said debt was secured by a 1962 Ford Wrecker, Serial Number F26CK260732, valued at $500.00. The plan was confirmed and the Debtors subsequently began making monthly payments. However, on March 7, 1988, the Debtors converted their Chapter 13 case to a Chapter 7 proceeding at which time Farmers Bank filed this Motion for relief from the stay, intending to enforce their security interest in the 1962 Ford Wrecker. The Debtors object to the Motion for relief from the stay arguing that under the Chapter 13 plan the Creditor was paid the full value of his security and, therefore, those payments should be treated as a redemption pursuant to § 722 of the Code. In response, Farmers Bank contends that redemptions must be made by a lump sum payment and not through installment payments.

We agree with the Debtors' position. Under § 722 of the Bankruptcy Code, a debtor may redeem certain personal property by paying the holder of such lien *the amount of the allowed secured claim* of such holder that is secured by such lien. In this case, since the Debtors have already paid the amount of the allowed secured claim, i.e. $500.00, to Farmers Bank under their Chapter 13 plan, we conclude that the Debtors have satisfactorily redeemed their property.

Further, under Section 1327, the "provisions of a confirmed plan bind the debtor and each creditor ... whether or not such creditor has objected to, has accepted, or

has rejected the plan." In this case, the Debtors' plan specifically provided:

"The holder of any allowed secured claim provided for by the plan shall retain a lien securing such claim *until the amount for which the claim is allowed as secured is paid in full.* 11 U.S.C. § 1325(a)(5)(1), 1327(c)." (Our emphasis).

Thus, under the Chapter 13 plan, any lien the Creditor may have retained upon confirmation of the plan, was lost as soon as the Debtors paid the amount of the secured claim into the plan.

We recently decided this very issue in the Eastern District of Kentucky in the case of *In re Estep,* 96 B.R. 87 (1988). In *Estep,* we held that the debtors would be allowed to redeem their personal property under § 722 of the Bankruptcy Code in the amount of the allowed secured claim, applying the amount which they had previously paid in their Chapter 13 plan towards the redemption.

Accordingly, IT IS ORDERED that the Creditor's Motion for relief from the stay be and hereby is OVERRULED.

This is a final Order.