**In re James William KINDER, Sr., and Corinne Elizabeth Kinder, Debtors.**

**James William KINDER, Sr., and Corinne Elizabeth Kinder, Plaintiffs,**

**v.**

**The SECURITY BANK & TRUST COMPANY of LAWTON, OKLAHOMA, and The First State Bank of Temple, Oklahoma, Defendants.**

Bankruptcy No. 90–6013–TS.

Adv. No. 91–214–TS.

United States Bankruptcy Court, W.D. Oklahoma.

May 4, 1992.

Herbert M. Graves, Oklahoma City, Okl., for debtors/plaintiffs.

John D. Munkacsy, Lawton, Okl., for defendants.

## ORDER REGARDING MOTIONS FOR SUMMARY JUDGMENT

JOHN TeSELLE, Bankruptcy Judge.

Plaintiffs (hereinafter "Debtors") commenced this adversary proceeding by the filing of their *Complaint Objecting to Secured Claims* (hereinafter the "Complaint") on May 2, 1991.[1] The Complaint seeks to bifurcate the undersecured mortgage lien of The Security Bank & Trust Company of Lawton, Oklahoma (hereinafter "Security Bank").[2] 11 U.S.C. §§ 502

---

1. Debtors amended their Complaint on June 27, 1991, thus any reference herein to the Complaint encompasses the amendment.

2. The First State Bank of Temple, holder of a mortgage junior to that of Security Bank, was also named as a defendant in this adversary proceeding but failed to answer and a default judgment was rendered against it.

and 506.[3] Security Bank filed its *Answer* on June 3, 1991.[4]

Debtors filed a *Motion for Summary Judgment* (hereinafter the "Motion") seeking to immediately reduce Security Bank's mortgage lien to the amount of its allowed secured claim.[5] Security Bank's objection to Debtors' Motion was set forth in its *Response to Motion for Summary Judgment of Plaintiffs and Defendant[']s Counter Motion for Summary Judgment* (hereinafter the "Response" and "Counter Motion").

Security Bank, in the first numbered paragraph of its Response, stated:

> [t]he legal issues to be determined by the Court are directly affected by the case of *Dewsnup v. Timm*, 908 F.2d 588 (10th Cir.1990) which is the subject of certiorari to the U.S. Supreme Court. The Court may wish to consider whether a decision should be deferred until the Supreme Court's pronouncement in *Dewsnup*, since any such decision will surely provide guidance as to the issues presented in this adversary case.

Response at 1. As the parties were not in need of an early ruling, the Court deferred its decision as suggested. *Dewsnup* has now been decided, but does not provide the guidance which was anticipated. *Dewsnup v. Timm*, — U.S. —, 112 S.Ct. 773, 116 L.Ed.2d 903 (1992). *Dewsnup* is a Chapter 7 case, and the Supreme Court chose not to address the applicability of its holding to Chapter 12 or other non-Chapter 7 proceedings, stating:

> [h]ypothetical applications that come to mind and those advanced at oral argument illustrate the difficulty of interpreting the statute in a single opinion that would apply to all possible fact situations. We therefore focus upon the case before us and allow other facts to await their legal resolution on another day.

**3.** References herein to statutory provisions by section number only will be to provisions of the Bankruptcy Code, 11 U.S.C. §§ 101–1330.

**4.** Security Bank also answered the Amended Complaint.

*Id.* 112 S.Ct. at 778. Further delay awaiting clarification of the applicability of *Dewsnup* to Chapter 12 cases is rendered unnecessary by the holding of the Court in this matter.

### Contentions of the Parties

Debtors' Motion seeks to immediately avoid Security Bank's mortgage lien to the extent it exceeds the amount of Security Bank's allowed secured claim. Security Bank's Counter Motion seeks a determination that Debtors are not entitled to the avoidance of any part of Security Bank's mortgage lien unless and until the later of the successful completion of their Chapter 12 Plan or satisfaction of Security Bank's allowed secured claim.

To facilitate the Court's resolution of this matter by summary judgment, Debtors and Security Bank filed a *Stipulation and Agreement.*

### Discussion

In its well-reasoned brief, Security Bank relies on § 1228(a) and argues that the bifurcation of its claim pursuant to this Chapter 12 proceeding does not become final until Debtors have completed payment of Security Bank's allowed secured claim. Debtors contend such bifurcation should be final upon confirmation, and argue that if the bankruptcy is dismissed before Debtors complete the plan, Security Bank is protected by § 349(b)(1)(C), which provides for the restoration of any avoided lien. Security Bank counters that if Debtors are now granted the requested judgment, file it of record and thereafter encumber or sell the subject property to a bona fide purchaser, Security Bank may later have to expend great effort and expense in what could be a futile attempt to re-establish the remaining unpaid portion of its pre-bankruptcy mortgage lien. Further, in the event these Chapter 12 Debtors convert the bankruptcy to one under Chap-

**5.** In the main case, the Court had previously limited the allowed amount of Security Bank's secured claim to the value of its collateral, and Security Bank was granted an allowed unsecured claim for the remainder of the debt.

ter 7, the conversion provisions of § 348 do not provide for the restoration of avoided liens as do the dismissal provisions of § 349. Thus, if the judgment which Debtors seek to have entered at this time is granted in the Chapter 12 case and Debtors later convert to Chapter 7, Debtors could potentially achieve by such a conversion a result which *Dewsnup* denies to debtors who originally file under Chapter 7. 112 S.Ct. at 778.

For the reasons argued by Security Bank, it makes good sense to condition the actual extinguishment of Security Bank's lien upon payment of Security Bank's allowed secured claim and discharge of that debt. *In re Simmons*, 86 B.R. 160, 165 (Bankr.S.D.Iowa 1988); *In re Bluridg Farms*, 93 B.R. 648, 655 (Bankr.S.D.Iowa 1988) (*citing Simmons*, 86 B.R. 160). So conditioning the extinction of Security Bank's lien averts problems likely to arise should Debtors fail to complete the plan and satisfy Security Bank's allowed secured claim.[6] *Simmons*, 86 B.R. at 165.

Further, if in the future the holding in *Dewsnup* is extended to encompass Chapter 12 cases, this Court's ruling will not preclude Security Bank from seeking to benefit from any retroactive effect such extension might have. This would not be the case if Debtors are allowed to avoid the lien on the unsecured portion of Security Bank's claim prior to Debtors' satisfying Security Bank's secured claim.

### Decision

Therefore, Debtors' Motion for Summary Judgment is denied, and Defendant's Counter Motion for Summary Judgment is granted.

IT IS SO ORDERED.

---

**6.** The payment period for Security Bank's allowed secured claim extends beyond the life of