**In re Jerry C. PICKETT and Rachel Pickett, Debtors.**

**FORD MOTOR CREDIT COMPANY, Movant,**

v.

**Jerry C. PICKETT, Rachel Pickett and James Davidson Lane, II, Trustee, Respondents.**

**Bankruptcy No. 389–03974.**

United States Bankruptcy Court, M.D. Tennessee.

Nov. 12, 1992.

Kevin J. Jones, Nashville, TN, for movant.

Perry R. Happell, Nashville, TN, for debtors.

James D. Lane, II, Nashville, TN, Trustee.

## MEMORANDUM

GEORGE C. PAINE, II, Chief Judge.

### INTRODUCTION

The cause before the Court is the motion of Ford Motor Credit Company (Ford) for relief from the automatic stay. The issue is whether Ford still has a lien in the current Chapter 7 case when the Debtors, under their pre-conversion Chapter 13 plan, paid the entire amount due on Ford's secured claim. The Court finds that the Debtors' satisfaction of Ford's allowed secured claim extinguished Ford's lien, and therefore, Ford is not entitled to relief from the stay.

The following are findings of fact and conclusions of law. Bankr.R. 7052.

### FINDINGS OF FACT

The parties have submitted stipulations concerning certain facts. On May 26, 1989, the Debtors filed for protection under Chapter 13 of the Bankruptcy Code. Ford filed a proof of claim for a secured claim of $12,683.48 based upon its lien on the Debtors' 1988 Isuzu pickup truck. This Court confirmed the Debtors' Chapter 13 plan on July 29, 1989, which provided for payment of 100% of unsecured claims. Under the Debtors' plan, Ford obtained a secured claim of $7,500.00 plus 12% interest and an unsecured claim for the remaining debt. The Debtors paid Ford $7,500.00 plus interest on account of the secured claim over the course of the plan.

On May 15, 1992, the Debtors converted their case to one under Chapter 7. On June 16, 1992, the trustee issued a no asset report and abandoned the Debtors' pick up truck. The parties have stipulated that the Debtors will not enter into a reaffirmation agreement and will not redeem the vehicle.

Ford argues that it has a secured claim of $5,749.22 in the Chapter 7 case and seeks relief from the stay to repossess the truck.

### CONCLUSIONS OF LAW

This Court shall grant relief from the stay to a party in interest:

(1) for cause, including lack of adequate protection of *an interest in property* of such party in interest; or

(2) with respect to a stay against property under section (a) of this section, if—

(A) the *debtor does not have equity* in such property; and

(B) such property is not necessary for reorganization.

11 U.S.C. § 362(d) (Clark Boardman Callaghan 1991) (emphasis added).

Ford has alleged no specific basis for relief from the stay, but to obtain relief from the stay Ford must have a lien on the truck: Without a lien, Ford has no interest that requires adequate protection. *Id.* § 362(d)(1). Without Ford's lien, it appears the Debtors have equity in the property. *Id.* § 362(d)(2)(A). Therefore, the main question is whether Ford still has a lien.

Upon the Debtors' filing, § 506(a) determined the status of Ford's claims. This subsection provides:

An *allowed claim* of a creditor secured by a lien on property in which the estate has an interest ... *is a secured claim to*

*the extent of the value of such creditor's interest in the estate's interest in such property* ... and is an unsecured claim to the extent that the value of such creditor's interest ... is less than the amount of such allowed claim....

*Id.* § 506(a) (emphasis added).

Treatment of secured claims under Chapter 13 is governed by § 1325(a)(5), which provides:

[T]he court shall confirm a plan if—

.       .       .       .       .

(5) with respect to each allowed secured claim provided for by the plan—
  (A) the holder of such claim has accepted the plan;
  (B)(i) the plan provides that the holder of such claim retain the lien securing such claim; and
    (ii) the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim; or
  (C) the debtor surrenders the property securing such claim to such holder....

*Id.* § 1325(a)(5).

The legislative history of § 1325 states in part:

[T]he secured creditors' lien only secures the value of the collateral and to the extent property is distributed of a present value equal to the allowed amount of the creditors' secured claim the creditors' lien will have been satisfied in full.

124 Cong.Rec. 32,410 (statement of Rep. Edwards), *reprinted in* 1978 U.S.C.C.A.N. 6436, 6482; 124 Cong.Rec. 34,009 (statement of Sen. DeConcini), *reprinted in* 1978 U.S.C.C.A.N. 6505, 6551. Based on § 1325(a)(5) and its legislative history, the Debtors, under their Chapter 13 plan, satisfied Ford's lien in full.

Recently, one court facing similar facts presented the issue as follows:

[A]t the time the allowed secured claim was paid off, the lien securing such claim was satisfied and all the creditor had left was an unsecured claim. The crucial question is what effect does conversion from chapter 13 to chapter 7 have upon the satisfied lien. Does it spring back into existence to secure all or a portion of the creditor's remaining claim?

*In re Hargis,* 103 B.R. 912, 915 (Bankr. E.D.Tenn.1989).

Generally, courts have found that a lien does not survive in Chapter 7 after full satisfaction in a prior Chapter 13. *See Id.* at 917; *In re Estep,* 96 B.R. 87, 88–89 (Bankr.E.D.Ky.1988); *In re Tunget,* 96 B.R. 89, 89 (Bankr.W.D.Ky.1988). *See also In re Bunn,* 128 B.R. 281, 284 (Bankr.D.Idaho 1991); *In re Tluscik,* 122 B.R. 728, 729–30 (Bankr.W.D.Mo.1991). *But see Dennis v. W.S. Badcock Corp., (In re Dennis),* 31 B.R. 128 (Bankr.M.D.Ga. 1983).

Ford cites *Boatman's Bank of Tennessee v. Jock (In re Jock),* No. 3:89–0214 (M.D.Tenn. Sept. 11, 1989) in support of its position. According to this two-page unpublished order, the creditor had appealed a bankruptcy court order allowing modification of the debtors' plan. In the order, the district court dismissed the creditor's appeal as moot because the debtors subsequently converted their case to Chapter 7. The district court stated:

"Generally, the conversion [of an action brought originally under chapter 13 of the Bankruptcy Code to one under chapter 7 of such Code] has the effect of vacating any order confirming a chapter 13 plan."

*In re Jock,* slip op. at 2 (quoting 5 Lawrence P. King et al., *Collier on Bankruptcy* § 1307.01[8], at 1307–20 (15th ed. 1988) [hereinafter *Collier*]) (alteration by the district court).

Even if this statement is true, it does not resolve the question of the status of Ford's lien after the Debtors have satisfied Ford's allowed secured claim under the Chapter 13 plan. In contrast to the general proposition quoted by the *Jock* court, *Collier* also states:

*If the allowed secured claim is satisfied under the chapter 13 plan, the lien securing it should be cancelled.* Hence, at the end of a completed chapter 13 plan, the holder of such a claim will have no rights remaining against the debtor;

any unsecured portion of the claim will have been discharged under section 1328(a). If the allowed secured claim is not fully satisfied in the chapter 13 plan due, for example, to ... a conversion to chapter 7, a lien will continue to exist after the case to the extent that the allowed secured claim has not been fully paid.

5 *Collier* ¶ 1300.73[4], at 1300–162 (15th ed. 1992) (emphasis added) (footnotes omitted) *quoted in In re Hargis,* 103 B.R. at 916. The Court finds that *Jock* does not address the facts in this case.

One bankruptcy court has found that, upon conversion, 11 U.S.C. § 348(a) operates to revive a security interest. *In re Dennis,* 31 B.R. at 130. Section 348 provides:

Conversion of a case from a case under one chapter of this title to one under another chapter under this title ... does not effect a change in the date of filing of the petition, the commencement of the case, or the order for relief.

11 U.S.C. § 348(a). The *Dennis* court reasoned that the creditor's "claim, although partially paid through [the debtor's] Chapter 13 plan, has the same status as it did at the time of the filing of the Chapter 13 case." *Id.* at 130.

The Court disagrees with the analysis of the *Dennis* court because § 348 is silent as to conversion's effect on liens, either partially or fully satisfied. *Dennis* also differs from the case before this Court because the debtor in *Dennis* had paid only part of the creditor's secured claim. For cases that reach results contrary to *Dennis,* see *In re Bunn,* 128 B.R. at 284; *In re Tluscik,* 122 B.R. at 729–30.

More persuasive than *Dennis* is the reasoning of the *Hargis* court:

Even though this court and a number of other courts have construed § 348(a) to mean that upon conversion from a chapter 13 case to a chapter 7 case a debtor is deemed to have filed the chapter 7 case at the time the chapter 13 case was filed, *it does not necessarily follow that all events which occurred during the chapter 13 case, including the § 506(a) treat-*

*ment of the claim and the satisfaction of the lien securing the allowed secured claim, are nullified.*

*In re Hargis,* 103 B.R. at 915–16 (emphasis added) (citations omitted). In accordance with this statement, this Court finds that the debtors' conversion did not revive Ford's lien.

Ford also cites *Dewsnup v. Timm,* —— U.S. ——, 112 S.Ct. 773, 116 L.Ed.2d 903 (1992) in support of its position. In *Dewsnup,* the Court held "that Section 506(d) of the Bankruptcy Code does not enable a Chapter 7 debtor to void a lien on overencumbered real property to the extent that the amount of the outstanding debt exceeds the property's value." Margaret Howard, Dewsnup*ping the Bankruptcy Code,* 1 J.Bankr.Law & Prac. 513, 513 (1992). The Supreme Court in *Dewsnup,* however, was careful to limit its decision:

Hypothetical applications that come to mind and those advanced at oral argument illustrate the difficulty of interpreting the statute in a single opinion that would apply to all possible fact situations. We therefore focus upon the case before us and allow other facts to await their legal resolution on another day.

*Dewsnup,* —— U.S. at ——, 112 S.Ct. at 778, 116 L.Ed.2d at 911.

Interpreted broadly, *Dewsnup* is appealing to creditors like Ford. This Court, however, must follow the guidance of the Supreme Court and must confine the *Dewsnup* decision to its particular facts.

This case does not involve Chapter 7 debtors using § 506(d) to "strip down" the real property lien of a secured claimholder. Rather, this case involves Chapter 7 debtors who have satisfied an allowed secured claim on personal property under a preconversion Chapter 13 plan. The question is not whether the Debtors can strip down Ford's lien, but whether the Debtors already have satisfied Ford's secured claim under Chapter 13, thereby extinguishing the lien. Therefore, *Dewsnup* does not support Ford's position.

## CONCLUSION

For the reasons stated above, this Court finds that the Debtors' satisfaction of the secured claim under the Chapter 13 plan extinguished Ford's lien and that the lien was not revived upon conversion to Chapter 7. The Court will enter an order denying Ford's motion for relief from the automatic stay.

.IT IS, THEREFORE, SO ORDERED.