**In Re David E. LEE and Kathleen M. Lee, Debtors.**

**Bankruptcy No. 3–93–0892.**

United States Bankruptcy Court,
D. Minnesota,
Third Division.

July 14, 1993.

Curtis K. Walker, Minneapolis, MN, for debtors.

Linda Jungers, Minneapolis, MN, for Ford Motor Credit Co.

## ORDER

DENNIS D. O'BRIEN, Bankruptcy Judge.

This matter is before the Court on objection by Ford Motor Credit Company to confirmation of the Debtors' proposed Chapter 13 Plan. Appearances are noted in the record. The Court, having considered arguments at hearing on May 13, 1993, and having reviewed the briefs of the parties and an Amicus brief submitted by General Motors Acceptance Corporation, now being fully advised in the matter, makes this **Order** pursuant to the Federal and Local Rules of Bankruptcy Procedure.

### I.

Ford Motor Credit is the holder of a secured claim in this estate in the amount of $3,725.00, and of an unsecured claim in the amount of $1,260.82. The claims result from its financing the Debtors' purchase of a 1988 Chevrolet Celebrity. The nature and amounts of the claims are not disputed; nor are the proposed schedules of payment disputed. Focus of the dispute is upon the following language in the Plan:

> Upon completion of payment of the secured portion of any claim, the property securing said claim shall vest in the debtor free and clear of any lien, claim or interest of the secured creditor.

Ford claims that this language would impermissibly allow the Debtors to avoid Ford's lien through the Plan rather than through a required adversary proceeding. Additionally, Ford argues that the language would result in the "stripping" of its lien in violation of the holding of *Dewsnup v. Timm*, ⸺ U.S. ⸺, 112 S.Ct. 773, 116 L.Ed.2d 903 (1992). Finally, Ford claims that, if its lien is satisfied as a matter of law prior to completion of the Plan through payment of the allowed amount of its secured claim, title should vest in the estate and be held by the Chapter 13 Trustee in order to protect Ford's contingent rights to reinstatement of the lien to cover the deficiency in the event that the case is later dismissed.[1]

### II.

Ford argues that the proper procedure for determining and avoiding a creditor's lien in a Chapter 13 case is by adversary proceeding, *citing: In re McKay*, 732 F.2d 44 (3rd Cir.1984); *In re Schyma*, 68 B.R. 52, 66 (Bankr.D.Minn.1985); *In re Simmons*, 765 F.2d 547, 558 (5th Cir.1985). Both the *McKay* and *Schyma* cases held that liens cannot be avoided under 11 U.S.C. § 522(f) by mere recitation in a plan. The Debtors' Plan does not propose avoiding Ford's lien under 11 U.S.C. § 522(f), and these cases are inapplicable.

*In re Simmons* does not apply either. In *Simmons*, the creditor filed a claim as a secured claim, secured by a statutory lien.

---

**1.** Ford's basic premise is that the language of the Debtors' Plan would void the undersecured portion of Ford's lien under 11 U.S.C. § 506(d).

11 U.S.C. § 349(b)(1)(C) reinstates liens voided under 11 U.S.C. § 506(d) upon dismissal of a case.

The debtor did not object to the claim, but treated it as unsecured in the plan. The creditor did not object to confirmation, and the debtor later brought an adversary proceeding against the creditor to have the lien cancelled. The appellate court held that the filed secured claim was deemed an allowed secured claim because it was never objected to, and the plan could not change its nature by incorrectly labeling and treating it as an unsecured claim. The court ruled that the lien survived notwithstanding treatment of the claim as unsecured under the plan.[2] Here, there exists no dispute regarding either the nature or amount of Ford's claims. The proposed treatment under the Plan is consistent with their status as allowed claims.

■ Next, Ford argues that it has but one claim, secured by a lien on the vehicle; and, that the bifurcation of the claim under 11 U.S.C. § 506(a) and 11 U.S.C. § 1322(b)(2) cannot void its lien on the undersecured portion, *citing Dewsnup. Dewsnup* held that a Chapter 7 debtor cannot use 11 U.S.C. § 506(d) to void the undersecured portion of a mortgage lien on exempt homestead property.[3] However, the nature of Ford's claims and the extent of its lien are determined by application of 11 U.S.C. §§ 506(a), 1322(b), 1325(a)(5)(B), 1327, and 101(37), without reference to 11 U.S.C. § 506(d).[4] *See: Nobelman v. Am. Savings Bank,* — U.S. —, 113 S.Ct. 2106, 124 L.Ed.2d 228 (1993);[5] *In re Pickett,* 151 B.R. 471 (Bankr.M.D.Tenn.1992). The disputed language in the Debtors' Plan does not purport or operate to "void" or "avoid" a lien under 11 U.S.C. § 506(d). It simply provides that when the secured claim, determined through application of 11

---

2. The case was wrongly decided, in this Court's view. The *Simmons* court seems to have failed to appreciate the distinction between the allowance and treatment of claims. Claims are frequently treated differently in plans than as allowed through filing. Treatment under a confirmed plan is binding on creditors; and, to the extent that liens are not provided for under the confirmed plan, they are lost to creditors who are provided for under the plan. *See:* 11 U.S.C. § 1327(a) and (c), and 11 U.S.C. § 101(37).

3. 11 U.S.C. § 506(d) provides in pertinent part:
   To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void ...

4. 11 U.S.C. § 506(a) limits the allowed secured claim of a secured creditor to the value of the collateral. 11 U.S.C. § 1322(b)(2) provides that the plan may:
   (2) modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence, or of the holders of unsecured claims, or leave unaffected the rights of holders of any class of claims;
   11 U.S.C. § 1325(a)(5)(B) provides that the court shall confirm a plan if:
   (5) with respect to each *allowed secured claim* provided for by the plan—
   (B)(i) the plan provides that the holder of such claim *retain the lien securing such claim;* and
   (ii) *the value,* as of the effective date of the plan, *of property to be distributed* under the plan *on account of such claim is not less than the allowed amount of such claim;*
   (emphasis added).
   11 U.S.C. § 1327 provides:

(a) The provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan.
(b) Except as otherwise provided in the plan or the order confirming the plan, the confirmation of a plan vests all of the property of the estate in the debtor.
(c) *Except as otherwise provided in the plan* or in the order confirming the plan, *the property vesting in the debtor* under subsection (b) of this section *is free and clear of any* claim or *interest of any creditor provided for by the plan.* (emphasis added).
11 U.S.C. § 101(37) defines the term "lien" as:
(37) "lien" means charge against or *interest* in property to secure payment of a debt or performance of an obligation. (emphasis added).

5. The Supreme Court ruled, in *Nobelman,* that the qualifying language of 11 U.S.C. § 1322(b)(2) regarding the inability of a debtor to modify the rights of certain holders of residential real estate mortgages precluded the use of 11 U.S.C. §§ 506(a) and 1322(b) to "strip" the creditor's lien from the undersecured portion of the claim. But the Court specifically recognized application of 11 U.S.C. § 506(a) to Chapter 13 cases generally (*Nobelman,* fn. 3 at — of — U.S., fn. 3 at 2109 of 113 S.Ct.), and discussed the issue of lien "stripping" by focussing on 11 U.S.C. §§ 506(a) and 1322(b). *Dewsnup* was mentioned only once, in reference to rights that were "bargained for by the mortgagor and the mortgagee" (*Nobelman,* — U.S. at —, 113 S.Ct. at 2110). 11 U.S.C. § 506(d) was never brought into the discussion.

U.S.C. §§ 506(a) and 1322(b), has been paid in full pursuant to 11 U.S.C. § 1325(a)(5)(B), the lien will have been satisfied as contemplated by the Code,[6] and the property will vest in the Debtors free and clear of Ford's lien as allowed and provided for by 11 U.S.C. § 1327(b) and (c).

 Finally, Ford argues that the vehicle should remain property of the estate during pendency of the case, and, if the lien is satisfied by payment of the allowed secured claim in the interim, the Court should require that title be held by the Trustee pending completion of the Plan by the Debtors.[7] However, 11 U.S.C. §§ 1322(b)(9) and 1327(b) authorize vesting of property of the estate in a debtor at or following confirmation.[8]

### III.

Based on the foregoing, it is hereby **ORDERED**: The objection of Ford Motor Credit Company to confirmation of the Debtors' proposed Chapter 13 Plan is overruled and the Plan is hereby confirmed.

---

**6.** *See: In re Pickett,* supra, at 473, quoting from the legislative history of 11 U.S.C. § 1325.

**7.** The argument is made by both Ford and GMAC, based on policy considerations. Such matters are best left to Congress. For a good discussion of policy considerations, *see: In re Murry–Hudson,* 147 B.R. 960 (Bankr.N.D.Ca. 1992); *In re Jones,* 152 B.R. 155 (Bankr. E.D.Mich.1993). Curiously, *Jones* considers the question when a court should allow debtors to void a lien under 11 U.S.C. § 506(d) in a Chapter 13 case. *See: Jones* at 179, 183. As stated earlier, the nature of claims and extent of liens in a Chapter 13 case are ordinarily determined without reference to § 506(d). However, to the extent that the statute might otherwise apply, it is worth noting that neither courts nor debtors "void" liens under it. Rather, to the extent that liens are void under 11 U.S.C. § 506(d), the result is by operation of the statute, not by the directive of the courts or acts of debtors.

**8.** GMAC argues that a local rule requires a particular plan form to be used in Chapter 13 cases, and that the form contains language continuing the vesting of a debtor's property in the estate pending completion of the plan. GMAC claims

that the disputed language in the Debtors' Plan violates the rule. A local rule cannot deprive a party in a bankruptcy case of a substantive right afforded by the Code. Even if GMAC's position is correct, the rule cannot supersede the Code.

The court, in *Jones,* seems to suggest that a provision in an order confirming the plan providing for retention of liened property in the estate pending consummation of the plan, would delay voiding of a creditor's lien under 11 U.S.C. § 506(d) until the plan has been fully performed. Apparently, the rationale for that is 11 U.S.C. § 551, which provides that "any lien void under section 506(d) ... is preserved for the benefit of the estate[,] but only with respect to property of the estate." *See: Jones* at 179, 180. The *Jones* court does not explain how preservation of the lien for the benefit of the estate would cause a delay in voiding of the lien regarding the creditor. In any case, absent 11 U.S.C. § 506(d), 11 U.S.C. § 551 has no application; and, with final payment of the allowed secured claim pursuant to 11 U.S.C. § 1325(a)(5)(B), the lien will have been completely extinguished through its satisfaction, whether or not the property remains in the estate. *See: Pickett,* supra.