John T. Orcutt, David Weber, Raleigh, NC, for Debtors.

John F. Logan, Ragsdale, Kirschbaum & Nanney, P.A., Raleigh, NC, for General Motors Acceptance Corporation.

Richard M. Hutson, II, Chapter 13 Standing Trustee, Durham, NC.

**In re Larry Adonis STROUD, Sr., Mary Mayo Stroud, Debtor.**

**Bankruptcy No. B–96–13532 C–13D.**

United States Bankruptcy Court,
M.D. North Carolina,
Durham Division.

Nov. 20, 1997.

## ORDER CONDITIONALLY AVOIDING LIEN OF GENERAL MOTORS ACCEPTANCE CORPORATION

CATHARINE R. CARRUTHERS, Bankruptcy Judge.

**THIS MATTER** came on for hearing October 7, 1997 before the undersigned bank-

ruptcy judge upon the Debtors' Motion to Avoid Judicial Lien which impairs an exemption of the Debtor, said Motion being filed on September 3, 1997; and appearing before the court were David Weber, counsel for the Debtor, John Logan, counsel for General Motors Acceptance Corporation; and Richard M. Hutson, Chapter 13 Standing Trustee. All interested parties were noticed and General Motors Acceptance Corporation [hereinafter "GMAC"] timely filed a written objection to the Motion. The Court, after hearing the arguments of counsel and reviewing submitted briefs and relevant case law, finds as follows:

1. The Debtors filed a petition for relief under Chapter 13 of the Bankruptcy Code on September 11, 1996. A Plan of Reorganization was confirmed on December 2, 1996. When the Debtors filed their petition they were and are the record owners of real property located at 12429 Whartons Way, Raleigh, North Carolina [hereinafter the "Property"]

2. On February 1, 1996 a judgment was entered in favor of General Motors Acceptance Corporation against the Debtors for $3,741.42 plus interest at the rate of 17.95% per annum from July 21, 1995, until the date of judgment, and at the North Carolina legal rate thereafter, and recorded in the Wake County Book of Judgments, Book 294, at Page 299.

3. Such lien constitutes a judicial lien on Debtors' real property.

4. GMAC's lien was not listed as secured in Debtors' Plan of Reorganization. Accordingly, said lien is to be paid as an unsecured claim.

5. On January 1, 1997, the Trustee filed a Notice with the Wake County Register of Deeds that Debtors were not to convey, assign, transfer or further encumber said property.

6. On September 4, 1997, the Debtors filed a Motion to Avoid the Judicial Lien of GMAC. Attached to said Motion was a Settlement Statement outlining a proposed sale of said property, although no approval by this Court was sought. Said Motion argues that Debtors should be permitted to avoid

and cancel GMAC's lien prior to discharge in their Chapter 13 case and should be allowed to retain the net proceeds from the sale.

7. On September 19, 1997, GMAC filed a Response to Motion to Avoid Judicial Lien, objecting to any avoidance or cancellation of their lien prior to an order of discharge

8. On October 7, 1997, this Court heard argument from counsel for Debtors and GMAC. Thereafter, counsel for Debtors and GMAC requested permission to submit briefs on the matter.

Based on the foregoing findings of fact, the court makes the following conclusions of law:

The issue in this case is whether the Debtors should be entitled to avoid and cancel a judicial lien pursuant to § 522(f)(1)(A) prior to completing their Chapter 13 Plan and receiving a discharge. Section § 522(f)(1)(A) states, in relevant part:

> the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled ... if such lien is (A) a judicial lien, other than a judicial lien that secures a debt.

GMAC's judicial lien impairs the Debtors' entitlement to a homestead exemption. However, the Court must determine whether the Debtors are entitled to such an avoidance of GMAC's judicial lien *prior to* receiving their discharge under 11 U.S.C. § 1328 [hereinafter " § 1328"]. Section 1328(a) provides, in part, "[a]s soon as practicable after completion by the debtor of all payments under the plan ... the court shall grant the debtor a discharge of all debts provided for by the plan...." The difficulty arises wherein a Debtor is granted the avoidance of a judicial lien prior to the discharge, inasmuch as circumstances could arise in which the Debtor's bankruptcy is dismissed. Upon dismissal, "any transfer avoided under section *522,* 544, *545,* 547, 548, 549, or 724(a) ..." is reinstated. 11 U.S.C. § 349(b)(1)(B) (emphasis added). Although a creditor is entitled to have its lien reinstated, the reinstatement becomes meaningless if the Debtor has sold the property to a third party.

Counsel for Debtors contends that the Debtors are entitled to take the full value of their homestead exemption even though a discharge had not yet been granted. Conversely, counsel for General Motors Acceptance Corporation argues that such a holding would be improper. This Court has reviewed briefs submitted by counsel as well as case law relevant to the matter and determined that Debtors must complete their confirmed Chapter 13 plan and a discharge must be granted prior to the avoidance of a judicial lien. Any other such holding could lead to inequitable results.

Orders avoiding liens in Chapter 13 are predicated upon the Debtor receiving a discharge in their underlying bankruptcy. Lien avoidance is not available until the Debtor receives a discharge. *See In re Simmons,* 86 B.R. 160 (Bankr.S.D.Iowa 1988), *In re Hunerdosse,* 85 B.R. 999, 1008 (Bankr. S.D.Iowa 1988), *In re Lantz,* 7 B.R. 77, 80 (Bankr.S.D.Ohio 1980). Lien avoidance must be conditioned upon Debtor's completion of the Chapter 13 Plan and granting of the discharge in order to ensure that creditors' interests are protected. *In re Bell,* 194 B.R. 192, 198–99 (Bankr.S.D.Ill.1996). As counsel for GMAC noted, Debtors are entitled to a fresh start, but only once they complete their Plan and receive a discharge.

In an analogous situation, courts have also held that upon the destruction of collateral, even once a creditor's crammed down claim has been paid in full, the Debtor's entitlement to any proceeds should be premised upon the Debtor's completion of their Chapter 13 plan. The court in *Ford Motor Credit Co. v. Feher (In re Feher)* noted that since upon any dismissal or a Debtor's failure to complete their Chapter 13 Plan a creditor's lien would be reinstated, it is proper for the Trustee to hold the proceeds pending successful completion of Debtor's bankruptcy. 202 B.R. 966, 972 (Bankr.S.D.Ill.1996). *See also In re Gibbons,* 164 B.R. 207, 208 (Bankr. D.N.H.1993) (voiding of lien following bifurcation into secured and unsecured shall not occur until Debtors fully complete plan).

While 11 U.S.C. § 349(b)(1)(B) does mandate that a judicial lien be reinstated upon the failure of Debtors to complete their plan,

GMAC could withstand irreversible harm in that it could be difficult to reattach the lien or GMAC could be left with no security in which to satisfy their claim upon a failure of the Debtors to complete their Chapter 13 Plan. *See Sands v. Blazer Fin'l Serv. (In re Sands ),* 15 B.R. 563 (Bankr.M.D.N.C.1981). The court in *Sands* held that lien avoidance is not permitted in a Chapter 13 with respect to household goods, but nevertheless recognized that reinstatement of a Creditor's judicial lien after dismissal of an ongoing case under 11 U.S.C. § 349(b) may be of "no practical benefit" to the Creditor in that "[s]uch a creditor would probably have no security at the end of such period by reason of depreciation, loss, or other disposition of the property." *Id.* at 565.

Counsel for Debtors cited absolutely no authority that would lead this court to stray from its earlier holding in *In re Samuel Lee Howard,* B–97–50508 C–13W, nor did counsel for Debtors cite any authority that would compel this Court to differ from additional case law holding that lien avoidance prior to discharge in a Chapter 13 would be inequitable.

IT APPEARS TO THE COURT that the February 1, 1996 lien of General Motors Acceptance Corporation, recorded in the Wake County Book of Judgments, Book 294 at Page 299, is a judicial lien that impairs an exemption to which the Debtor is entitled pursuant to N.C. Gen.Stat. § 1C–1604, and that pursuant to 11 U.S.C. § 522(f), the Debtor is entitled to avoid said lien and to have same canceled of record as to the Property, provided the Debtor is granted a discharge in this Chapter 13 case or in a succeeding Chapter 7 case in the event of conversion to Chapter 7 under Title 11 of the United States code.

NOW THEREFORE FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the February 1, 1996 judicial lien held by General Motors Acceptance Corporation in and on Debtor's Property and recorded at in the Wake County Book of Judgments, Book 294, at Page 299 be and hereby is avoided as said judgment impairs an exemption to which the Debtor is entitled, provided

the Debtor obtains a discharge in this bankruptcy case. In the event the Property is sold during the Chapter 13, the Chapter 13 Standing Trustee is to hold proceeds of sale in escrow pending Debtors' successful completion of their Chapter 13 Plan;

IT IS FURTHER ORDERED that upon this court entering an order of discharge of the Debtor in this case, the Debtor shall attach a certified copy of the discharge order to a certified copy of this order avoiding the lien as to the residence of the Debtor located at 12429 Whartons Way, Raleigh, North Carolina, 27613, and the two orders shall be filed together in the Office of the Clerk of Superior Court of Wake County, North Carolina. Effective with the recording of said orders, the judgment of General Motors Acceptance Corporation recorded in the Wake County Book of Judgments, Book 294, at Page 299 shall not constitute a lien on the Debtor's residence at 12429 Whartons Way, Raleigh, North Carolina, 27613. Further, in the event the Debtors sell the subject property during the Chapter 13 proceeding and successfully complete the Plan, the proceeds of sale shall be remitted by the Trustee to the Debtors. In the event the Debtors sell the property during the Chapter 13 and do not successfully complete the Chapter 13, General Motors Acceptance Corporation's lien on the Property shall be transferred to the net proceeds of sale.