**In re Richard Conway PRINCE and Linda Sue Prince, Debtors.**

**Bankruptcy No. 99–02004–M.**

United States Bankruptcy Court, N.D. Oklahoma.

Aug. 2, 1999.

---

Robert A. Todd, Tulsa, OK, for debtor.

Richard S. Winblad, Oklahoma City, OK, for defendant.

### MEMORANDUM OPINION

TERRENCE L. MICHAEL, Chief Judge.

THIS MATTER comes before the Court pursuant to the Motion to Avoid Judicial Lien of Greenwood Trust Company (the "Motion") filed by Richard Conway Prince and Linda Sue Prince, Debtors herein. A hearing was held on the Motion on July 20, 1999. Debtors appeared by and through their attorney, Robert A. Todd. Greenwood Trust Company ("Greenwood") appeared by and through its attorney, Charles Johnson. Also appearing was Lonnie Eck, the Standing Chapter 13 Trustee. The Court heard argument from the parties and was advised that no relevant facts were in dispute. The following findings of fact and conclusions of law are made pursuant to Bankruptcy Rule 7052 and Federal Rule of Civil Procedure 52.

1. Unless otherwise noted, all statutory references are to sections of the United States

### Jurisdiction

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b),[1] and venue is proper pursuant to 28 U.S.C. § 1409. Reference to the Court of this matter is proper pursuant to 28 U.S.C. § 157(a). This is a core proceeding as contemplated by 28 U.S.C. § 157(b)(2)(A) and (O).

### Findings of Fact

The operative facts in this matter are relatively simple. Debtors filed their Chapter 13 bankruptcy petition with this Court on May 27, 1999. In their schedules and statement of affairs, Debtors claimed as their exempt homestead certain real estate located in Tulsa County described as Lot 13, Block 3, Indian Hills Estates (the "Homestead"). The exemption was claimed pursuant to 31 Okla.Stat.Ann. tit. 31, § 1(A)(1), which provides for an exemption in real estate, "provided that such home is the principal residence" of the party claiming the exemption. The time for objecting to Debtors' exemptions has passed without objection. In their schedules, Debtors value the Homestead at $50,000.00, subject to a consensual first lien in the amount of $18,000.00, as well as two judicial liens, one of which is held by Greenwood.

On October 8, 1998, Greenwood obtained a judgment in the amount of $2,729.21, plus attorneys' fees in the amount of $300.00 (the "Judgment"), against the Debtors in the District Court of Tulsa County. See Claims Docket No. 3. Debtors admit that the Judgment constitutes a lien upon the Homestead. Debtors have filed the Motion in order to avoid the lien of the Judgment upon the Homestead.

To the extent the "Conclusions of Law" contain any items which should more appropriately be considered "Findings of Fact," they are incorporated herein by this reference.

Bankruptcy Code, 11 U.S.C. § 101 et seq. (West 1999).

## Conclusions of Law

■ Debtors seek to avoid the lien held by Greenwood upon the Homestead pursuant to § 522(f)(1)(A) of the United States Bankruptcy Code, which provides as follows:

Notwithstanding any waiver of exemptions, but subject to paragraph (3), the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

(A) a judicial lien, other than a judicial lien that secures a debt—

(i) to a spouse, former spouse, or child of the debtor. . . .

§ 522(f)(1)(A). Obviously, Greenwood is not the spouse, former spouse or a child of either of the Debtors[2]; accordingly, the Judgment is not governed by the exceptions found in subsection (i) of § 522(f)(1)(A). Similarly, § 522(f)(3), which deals with liens upon certain items of personal property, is not applicable to the facts presented here. *See* § 522(f)(3). This Court has previously ruled that judicial liens upon a homestead are avoidable under this section. *See In re McMasters,* 220 B.R. 419 (Bankr.N.D.Okla.1998) (hereafter *"McMasters"*). This Court's analysis in *McMasters* has recently been endorsed and approved by the Bankruptcy Appellate Panel of the Tenth Circuit. *See Coats v. Ogg (In re Coats),* 232 B.R. 209 (10th Cir. BAP 1999). At the July 20, 1999, hearing, counsel for Greenwood conceded that the Judgment is avoidable under the rationale of each of these decisions.[3]

The major argument advanced by Greenwood is that the Debtors are not entitled to an order avoiding the Judgment unless and until they receive a discharge.

Greenwood argues that "[s]hould the debtors default on their plan payments and the case [be] dismissed, a prematurely filed judgment lien release would provide them with a windfall." Greenwood relies upon a decision from the United States Bankruptcy Court for the Western District of Oklahoma to support its argument. *See In re Kinder,* 139 B.R. 743 (Bankr.W.D.Okla. 1992) (hereafter *"Kinder"*). *Kinder* involved the partially secured claim of a creditor with a lien upon the real estate of the debtors. Debtors sought to pay the creditor an amount equal to the secured portion of its claim, and avoid the creditor's lien to the extent of the unsecured portion of its claim. The creditor objected to this treatment, and argued that any lien avoidance should be delayed until all payments had been completed under the plan. The *Kinder* court found that lien avoidance should be delayed, based upon the following analysis:

In its well-reasoned brief, Security Bank relies on § 1228(a) and argues that the bifurcation of its claim pursuant to this Chapter 12 proceeding does not become final until Debtors have completed payment of Security Bank's allowed secured claim. Debtors contend such bifurcation should be final upon confirmation, and argue that if the bankruptcy is dismissed before Debtors complete the plan, Security Bank is protected by § 349(b)(1)(C), which provides for the restoration of any avoided lien. Security Bank counters that if Debtors are now granted the requested judgment, file it of record and thereafter encumber or sell the subject property to a bona fide purchaser, Security Bank may later have to expend great effort and expense in what could be a futile attempt to re-establish the remaining unpaid portion of its pre-bankruptcy mortgage lien.

---

2. It would appear, based upon the Judgment, that Greenwood acts as the servicing agent for Novus Services, which issues the "Discover Card," a form of credit card. *See Claims Docket No. 3.*

3. In order that the record be clear, while Greenwood conceded that the Judgment is avoidable under *McMasters,* it did not waive its right to appeal said issue.

Further, in the event these Chapter 12 Debtors convert the bankruptcy to one under Chapter 7, the conversion provisions of § 348 do not provide for the restoration of avoided liens as do the dismissal provisions of § 349. Thus, if the judgment which Debtors seek to have entered at this time is granted in the Chapter 12 case and Debtors later convert to Chapter 7, Debtors could potentially achieve by such a conversion a result which *Dewsnup* denies to debtors who originally file under Chapter 7.

For the reasons argued by Security Bank, it makes good sense to condition the actual extinguishment of Security Bank's lien upon payment of Security Bank's allowed secured claim and discharge of that debt. So conditioning the extinction of Security Bank's lien averts problems likely to arise should Debtors fail to complete the plan and satisfy Security Bank's allowed secured claim.

*Kinder,* 139 B.R. at 743–744. Other courts faced with the issues of claim bifurcation and lien avoidance have reached the same result, and have conditioned the avoidance of the lien on payment in full of the allowed secured claim, payment of the full value of the collateral at issue or entry of an order of discharge. *See In re Leverett,* 145 B.R. 709, 713 (Bankr.W.D.Okla.1992) (delaying lien avoidance until discharge); *see also In re Gibbons,* 164 B.R. 207 (Bankr.D.N.H.1993) (same): *see also In re Pearson,* 214 B.R. 156, 162 (Bankr. N.D.Ohio 1997) (delaying lien avoidance until value of underlying collateral paid in full); *see also In re Lee,* 156 B.R. 628 (Bankr.D.Minn.1993) (delaying lien avoidance until allowed secured claim paid in full).

All of the cases cited above involved issues of "lien stripping"; i.e., reducing the amount of an allowed secured claim to the value of the collateral.[4] Lien stripping is not at issue here; the lien of Greenwood is

subject to avoidance because it impairs Debtors' homestead exemption, not because the value of the Homestead is less than the amount of Greenwood's claim. This Court has been able to discover only one case dealing with the issue of the timing of lien avoidance in a Chapter 13 case when the lien at issue impaired a homestead exemption. In that case, the Court held that

> Orders avoiding liens in Chapter 13 are predicated upon the Debtor receiving a discharge in their underlying bankruptcy. Lien avoidance is not available until the Debtor receives a discharge. Lien avoidance must be conditioned upon Debtor's completion of the Chapter 13 Plan and granting of the discharge in order to ensure that creditors' interests are protected. As counsel for GMAC has noted, Debtors are entitled to a fresh start, but only once they complete their plan and receive a discharge....

*See In re Stroud,* 219 B.R. 388, 390 (Bankr.M.D.N.C.1997) (citations omitted) (hereafter "*Stroud*"); *see also In re Lantz,* 7 B.R. 77, 80 (Bankr.S.D.Ohio 1980) (similar result with respect to exempt household goods).

The decision in *Stroud* is consistent with § 349(b)(1)(B) of the Bankruptcy Code, which provides that an order dismissing a bankruptcy case reinstates "any transfer avoided under section 522 [of the Bankruptcy Code]." One could argue that § 349(b)(1)(B) is self-effectuating in nature, and that, as a result, the Court should avoid the lien immediately. If the case is later dismissed, the lien avoidance is automatically nullified. While such a proposition is theoretically correct and may well be what Congress intended when it enacted § 349(b)(1)(B), its practical application is problematic. Once a lien upon real estate has been avoided, and the order of avoidance made part of the appropriate real estate records, the reversal of the lien

---

4. For a discussion of the concept of "lien stripping," see *Dewsnup v. Timm,* 502 U.S. 410, 112 S.Ct. 773, 116 L.Ed.2d 903 (1992).

avoidance is akin to unringing a bell. As the *Stroud* court noted,

> While 11 U.S.C. § 349(b)(1)(B) does mandate that a judicial lien be reinstated upon the failure of Debtors to complete their plan, GMAC could withstand irreversible harm in that it could be difficult to reattach the lien or GMAC could be left with no security in which to satisfy their claim upon a failure of the Debtors to complete their Chapter 13 Plan.

*Stroud,* 219 B.R. at 390; *see also Kinder,* 139 B.R. at 744 (same). This Court believes that when an affected creditor objects, the avoidance of a lien which impairs a properly claimed exemption should be delayed until the entry of an order of discharge. Accordingly, the Court will enter an order today avoiding the lien held by Greenwood. However, in order to ensure that the operation of § 349(b)(1)(B) is not impaired, the Court will require that the order of lien avoidance not be entered upon the real estate records relating to the Homestead until an order of discharge has been entered in this case and the Homestead not be transferred or encumbered prior to the entry of an order of discharge in this case without further order of the Court.

■ It is important for the parties to this decision in particular, as well as the practicing bar in general, to understand the limited nature of this decision. Bankruptcy courts in this district have long utilized a "notice and opportunity for hearing" procedure which allows affected parties a specific period of time to object to a motion or other contested matter requesting specific relief. *See N.D.Bankr.L.R. 9013 and 9014.* In most cases, this Court has routinely granted uncontested motions to avoid liens, and entered the orders avoiding the liens, prior to the entry of an order of discharge. The Court will continue to do so. If a creditor objects to the entry of an order of lien avoidance prior to discharge, it must file a written resistance to motion seeking lien avoidance. As the

United States Court of Appeals for the Tenth Circuit recently noted,

> A creditor cannot simply sit on its rights and expect that the bankruptcy court or trustee will assume the duty of protecting its interests . . . . it is absolutely incumbent upon a creditor to take an active role in protecting its interests, and a creditor which fails to do so is in a poor position to later complain about an adverse result.

*See Andersen v. Unipac–Nebhelp,* 179 F.3d 1253, 1257 (10th Cir.1999) (citation omitted). The Clerk of this Court will not be required to police the plethora of lien avoidance motions filed with this Court to determine whether their timing is appropriate. Where there is no objection, orders avoiding liens will be entered in the ordinary course of the Court's business.

The Motion, subject to the conditions set forth herein, is granted. A separate order consistent with this Memorandum Opinion is entered concurrently herewith.

### JUDGMENT

THIS MATTER comes before the Court pursuant to the Motion to Avoid Judicial Lien of Greenwood Trust Company filed by Richard Conway Prince and Linda Sue Prince, Debtors herein. The issues having been duly considered and a decision having been duly rendered, for the reasons set forth in the Memorandum Opinion filed concurrently herewith,

IT IS HEREBY ORDERED that the Motion to Avoid Judicial Lien of Greenwood Trust Company filed by Richard Conway Prince and Linda Sue Prince, Debtors herein be, and the same hereby is, granted.

IT IS FURTHER ORDERED that the lien of Greenwood Trust Company on the following described real estate, to-wit:

Lot 13, Block 3, Indian Hills Estates, City of Tulsa, Tulsa County, Oklahoma be, and the same hereby is, avoided pursuant to 11 U.S.C. § 522(f).

IT IS FURTHER ORDERED that Debtors shall not file this judgment of record in the real estate records of Tulsa County, Oklahoma, unless and until they receive an order of discharge in this case.

IT IS FURTHER ORDERED that Debtors are prohibited from transferring or encumbering the following described real estate, to-wit:

Lot 13, Block 3, Indian Hills Estates, City of Tulsa, Tulsa County, Oklahoma unless and until they receive an order of discharge in this case, or unless this Court enters a specific order authorizing said sale or encumbrance.