In re Earl E. STIDHAM, Debtor.

Earl E. Stidham, Plaintiff,

v.

Southwest National Bank of Weatherford, Defendant.

Bankruptcy No. 97–13635–TS.
Adversary No. 02–1091–NLJ.

United States Bankruptcy Court,
W.D. Oklahoma.

March 27, 2003.

Matt J. Sedbrook, Field, Trojan, Long & Sedbrook, Enid, OK, for Plaintiff.

Steven M. Dickey, Dickey & Dickey, Oklahoma City, OK, for Defendant.

### ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT

NILES L. JACKSON, Bankruptcy Judge.

### INTRODUCTION

This case is before the Court on Plaintiff/Debtor's Motion for Summary Judgment and Defendant/Bank's response thereto, and Defendant's Cross–Motion for Summary Judgment, Plaintiff's Response to the Cross–Motion, and Defendant's Reply to that response. The issue presented questions the timing of avoidance of an unsecured lien: when should it occur—at confirmation of the Chapter 12 Plan, upon entry of the Chapter 12 discharge, or post-Chapter 12 discharge?

More specifically in this case, the question becomes whether a Creditor/Bank, whose Debtor/Farmer defaulted on an extended loan payment schedule *after* discharge of a Chapter 12 plan, should be allowed to execute on the entire (secured and unsecured) pre-bankruptcy loan amount, or only that portion of the loan that was treated as secured under the plan and upon which payment extended beyond the term of the plan.

### FACTS

Plaintiff commenced this case by the filing of his Chapter 12 petition. Thereafter, Defendant filed a proof of claim, asserting a secured claim (arising out of a state court foreclosure judgement) against Plaintiff in the amount of $315,342.48. In January 1998 the Court confirmed Plaintiff's plan that provided, *inter alia*, that Plaintiff would surrender 6,624 bushels of wheat in satisfaction of that portion of Defendant's claim secured by wheat, that the full amount of Defendant's claims secured by cattle would be paid by a date certain, and that Defendant would be given a secured claim in the amount of $75,000, to be secured by a second mortgage on ten tracts of land. Pursuant to the plan, payment on the $75,000 claim secured by the land was to extend beyond the term of the plan with semi-annual payments of $4,188.38 until December 31, 2004, at which time Plaintiff was to make a balloon payment of the balance due (as authorized by 11 U.S.C. § 1222(b)(9)). The plan treated as unsecured the remainder of the debt owed Defendant by Plaintiff.

Plaintiff completed the payments due under the plan, received a discharge, and the case was closed. Subsequently, Plaintiff defaulted on two of the post-discharge payments due Defendant. Upon such default, Defendant asserted the case of *Kinder v. Security Bank & Trust Co. (In re*

*Kinder*), 139 B.R. 743 (Bankr.W.D.Okla. 1992) authorized it to collect the full amount of its pre-bankruptcy claim, both the secured and the unsecured portion, and thereafter brought an action in state court to collect the entire amount of the loan as evidenced by its pre-bankruptcy judgment. Because Plaintiff argues Defendant's pre-bankruptcy claim was "permanently modified" by the Chapter 12 plan, and that Defendant's claim is now limited to the $75,000 secured claim provided in the plan, Plaintiff filed, and the Court granted, a motion to reopen the bankruptcy case to enforce the discharge injunction of 11 U.S.C. § 524. Plaintiff then filed this adversary proceeding asking this Court to resolve the legal dispute now before us.

## APPLICABLE LAW AND DISCUSSION

The parties muse that the issue is of some provincial interest because two judges in this same district issued opinions addressing this issue, with conflicting results, just four months apart: *In re Kinder* (cited previously) and *In re Leverett*, 145 B.R. 709 (Bankr.W.D.Okla.1992). *Kinder* and *Leverett* have quite similar fact situations. Both cases involved debtors in Chapter 12 reorganizations. The plans in both cases bifurcated mortgage liens into secured and unsecured portions under 11 U.S.C. § 506(a). Further, both plans provided that certain secured claims would be paid out after the debtor had completed the plan and received a discharge.[1]

The debtors in both cases sought avoidance of the unsecured claims at issue at the time of plan confirmation, a prayer both courts rejected outright. That left the following single issue that divided the

*Kinder* and *Leverett* courts: whether the lien securing the unsecured portion of the claim should be avoided at the time the discharge is granted, or upon final payment of the secured claim, which typically will not occur until long after the debtor has received a discharge. The *Leverett* court adopted the former position while the *Kinder* court sided with the latter.

While both courts agreed that "[t]he personal liability of debtors for the unsecured portion of the debt would remain intact until the entry of their discharge," *see Leverett,* 145 B.R. at 713, the *Kinder* court carved out its position based upon concern that debtors would not complete payment of the creditor's secured claim. It appears the court was sympathetic to the creditor's argument that debtors, if granted lien avoidance at the time of confirmation, might encumber or sell the property before paying its secured claim in full, thus creating difficult post-discharge collection problems for creditor. *Id.* at 744. The creditor had specifically asked the court to find the debtors were "not entitled to the avoidance of any part of [creditor's] lien until the later of the successful completion of their Chapter 12 Plan or satisfaction of [creditor's] allowed secured claim," and the court stated that "[s]o conditioning the extinction of [creditor's] lien averts problems likely to arise should Debtors fail to complete the plan *and* satisfy [creditor's] allowed secured claim." *Id.* at 744—45 (emphasis added by the Court).

In essence, both courts agreed that avoidance of such lien should not occur *at least* until completion of the plan and issuance of the discharge. The *Kinder* court

---

1. Such a provision is not uncommon for restructured long term debt in Chapter 12 plans. *See Leverett,* 145 B.R. at 712 n. 10.

went further and granted to the creditor the maximum relief requested.

In reviewing the statutory law applicable to this issue, the Court notes that the discharge provision of Chapter 12 is quite specific:

> As soon as practicable after completion by the debtor of all payments under the plan, other than payments to holders of allowed claims provided for under section ... 1222(b)(9) ... the court shall grant the debtor a discharge of all debts provided for by the plan ... except any debt—
>
> (1) provided for under section ... 1222(b)(9) of this title . . . .

11 U.S.C. § 1228. COLLIER's explains that:

> Section 1228(a) lists two types of debts that are excepted from a full-compliance discharge. The first is secured claims that the plan provides will be paid over a period of time extending beyond the payment period for unsecured claims. The reason for this exception is obvious. If the plan provides that a secured claim is to be paid over twenty years, the debtor's obligation to pay that claim cannot be discharged at the end of three years. Such a claim will be discharged only at such time as the claim is paid. **It should be noted, however, that the exception extends only to the secured portion of the claim. If the creditor's claim was bifurcated into a secured and an unsecured portion under section 506(a), the unsecured portion is subject to discharge along with other unsecured claims and the exception to discharge applies only to the secured portion.**

8 COLLIER ON BANKRUPTCY ¶ 1228.02[3][a] (15th ed. rev.) (emphasis added by the Court) (footnote omitted).

## DECISION

Based upon the foregoing, the Court concludes that the $75,000 allowed post-discharge secured debt in this fact pattern constitutes the debt that is excepted from discharge under 11 U.S.C. § 1228, and the unsecured portion of the debt owed to Defendant by Plaintiff was discharged when Plaintiff completed his Chapter 12 Plan and was granted a discharge. This ruling renders moot Defendant's request to execute upon the unsecured portion of its claim post-discharge.

Accordingly, Plaintiff/Debtor's Motion for Summary Judgment is sustained and the Defendant/Bank's Motion for Summary Judgment is denied.